THE STATE EX REL. BANK OF COMMERCE, Respondent, vs. BELL, County Treasurer, Appellant.

*September 28 — October 15, 1901.*

*Taxation: Judgment against town: Delinquent tax belongs to county: Remedy of judgment creditor.*

1. A tax levied to pay a judgment against a town is a tax in the ordinary sense of the term and not a special assessment, and no individual liability to the judgment creditor on the part of the taxpayer is created thereby. Such a tax is therefore within the provision of sec. 1114, Stats. 1898, that taxes returned as delinquent shall belong to the county and be collected for its use; and the judgment creditor cannot compel the payment to him of any portion of the delinquent taxes collected by the county treasurer.

2. All sums received by a town treasurer upon the levy of county taxes and retained by him in place of the returned delinquent town taxes are collected by him upon the latter.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

In the 1899 tax roll of the town of Superior was included, in separate column, a tax for the payment of judgments to the amount of $12,973.72, inclusive of a judgment in favor of the relator for $2,162.46, of which transcript had been duly filed with the town clerk. The county taxes in the same tax roll amounted to $7,896.02. At the time of making return to the county treasurer by the town treasurer there remained delinquent, and were returned as such, only $7,724.51, exclusive of five per cent. collection fee. The relation asserts that this included $1,723.35 of the above-mentioned levies to pay judgments; that the county treasurer has since collected $4,777.95 of delinquent taxes, whereof $1,016.77 is collected upon said judgment levy, relator's proportionate share of which is $267.91; that relator has received from the town treasurer only $1,427.22, leaving still due and unpaid to him $735.25. Upon this relation an alternative writ was issued, commanding the

county treasurer to pay over to the relator all moneys collected by him on the delinquent judgment tax on said tax roll belonging to the *Bank of Commerce*, to wit, $267.92. The treasurer made a return asserting some of the foregoing facts, which are not included in the petition; whereupon, apparently, the petition was by stipulation amended in that respect, and an issue of law was then joined by a motion to quash the alternative writ. As a result, judgment was rendered in favor of the relator, and a peremptory writ issued, commanding the respondent below, as county treasurer, to pay to the relator said sum of $267.92, from which judgment the respondent below appeals.

*C. H. Crownhart*, for the appellant.

For the respondent the cause was submitted on the brief of *Reed & Reed.* They contended, *inter alia*, that this judgment tax was a fund provided by law for judgment creditors; it belonged to them, and no change in collectors of that fund or in the system of making the collection could change the character of the fund or the rights of the parties to whom it belonged. *Wis. Cent. R. Co. v. U. S.* 164 U. S. 190, 212; *State ex rel. School Directors v. Nelson*, 105 Wis. 111; sec. 781, Stats. 1898; Merrill, Mandamus, 170; *Brown v. Orego*, 32 Iowa, 498; *State ex rel. Mills v. Kispert*, 21 Wis. 387; *State ex rel. Soutter v. Madison*, 15 Wis. 30; *State ex rel. Donnelly v. Hobe*, 106 Wis. 411.

Dodge, J. There are two sufficient reasons why the county treasurer should not be commanded by *mandamus* to pay to relator the moneys collected by him upon the delinquent taxes returned by the town of Superior: first, because such taxes belonged to the county; second, because the town has already collected the whole of the taxes levied to pay judgments, and relator's rights are against the money in the possession of the town or its officers.

The first proposition results inevitably from the distinc-

tions pointed out and the arguments stated as supporting the decision of this court in *State ex rel. Donnelly v. Hobe*, 106 Wis. 411. It was there recognized and declared that sec. 1114, Stats. 1898, which commands that " all taxes so returned as delinquent shall belong to the county and be collected, with the interest and charges thereon, for its use," must control all *taxes* but that the word as used in that section did not include special assessments, which, although imposed under the power of taxation, are not taxes in the sense that other imposts levied for town or municipal purposes are. Special assessments were distinguished, in that they are specific liens upon definite parcels of property and belong to an individual. They are, in substance, indebtedness owing by such property or its proprietor to the owner of the special assessment certificate, to which neither town nor county has any relation save as a collecting agent, constituted such by law. Further, they were distinguished in that they represent burdens on property, not for a municipal expense distributed generally over the taxable property, but a liability for special service to the particular property charged therefor.

A tax to pay a judgment has none of the distinguishing characteristics of the special assessment, except, perhaps, that no legislative action by the town board is required for its levy. That, however, is an immaterial circumstance. The law itself makes the levy upon the establishment of the necessary data by the filing of the required transcript and affidavit. On the contrary, we do find all the elements of a tax as defined in the *Hobe Case*. It is imposed on all taxable property generally and ratably; it is for a municipal purpose; it goes to discharge a liability of the town, and not a liability specifically owed by the individual taxpayer. The doctrine, hinted at by respondent, that the extension of a tax to pay a judgment creates personal ownership by the judgment creditor of the individual liability of each tax-

payer, has no foundation. Until the judgment is paid in full, the town is the debtor, and no debt or liability to the creditor rests upon any individual. There is no circumstance which can exclude this levy for payment of the town judgments from the words " all taxes," which, by the clear and unambiguous command of sec. 1114, shall belong to the county, and be collected for its use, when returned delinquent. They do not then belong to the judgment creditor, nor are they collected for his use, and he cannot compel payment to him of the amounts received by the county.

2. As a corollary of the conclusion that the delinquent taxes become the property of the county, it follows that all sums received by the town treasurer upon the levy of county taxes, and retained by him in place of the returned delinquent town taxes, are collected by him upon the latter. In the present case it appears that for every dollar of town taxes levied, including the judgment tax, money has been received into the town treasury. To that treasury or its custodian the relator should apply. Why he does not is unexplained, but, whatever the reason, it cannot serve to transfer to the county the liability resting upon the town.

Counsel for respondent urges upon us the possibility, in case delinquent taxes exceed total county levy, of confusion of different town funds and complications in carrying out both the provisions of sec. 781, Stats. 1898, which provides for payment of judgments out of the tax levied therefor, and of sec. 837, which prescribes priority to certain funds. It cannot be denied that there is room for serious complications among statutes, some giving priorities to certain funds, and others permitting moneys paid for one purpose to be used to supply deficits in the funds for other purposes. Those complications must be met when they are unavoidable, but none of them is presented in this case, where the town treasurer has collected and received the full amount required to satisfy all the funds.

From the foregoing views it is obvious that the circuit court erred in issuing the, peremptory writ of *mandamus* against the county treasurer. On the relation as amended and the issue of law joined thereon he should have quashed the alternative writ.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment quashing the alternative writ of *mandamus*.