Fox Valley Canning Company, Appellant, vs. Village of Hortonville, Respondent.

*March 8—April 5, 1932.*

For the appellant there was a brief by *David C. Pinkerton* of Oshkosh, attorney, and *Bradford & Bradford* of Appleton of counsel, and oral argument by *Mr. Pinkerton* and *Mr. A. S. Bradford.*

For the respondent the cause was submitted on the brief of *Krugmeier & Witmer* of Appleton.

FRITZ, J.  Plaintiff brought this action to recover taxes paid under protest.  There was no dispute as to the facts as hereinafter stated.  Upon those facts the court concluded that the only recourse for recovery which plaintiff may have is against the county of Outagamie, whose treasurer received the payment, and not against defendant.  Consequently, the court ordered judgment dismissing the complaint.  The undisputed facts so far as material to the issues raised on this appeal are as follows: In 1928 the board of review of the village of Hortonville unlawfully increased the assessment of plaintiff's real property to the extent of $22,000, which ultimately resulted in wrongfully increasing plaintiff's taxes by $480.75.  In October, 1928, the circuit court reversed the action of the board of review as to that increased assessment.  On June 4, 1929, this court affirmed the circuit court's judgment in a decision which was certified to the circuit court on July 10, 1929.  In the meantime plaintiff failed to pay the taxes on its real property to the village treasurer, and the latter, in March, 1929, returned plaintiff's taxes as delinquent to the county treasurer; and in the settlement between the village and the county treasurers the village received credit, in accordance with sec. 74.19 (1), Stats., for the full amount of plaintiff's unpaid taxes.  As a consequence of that credit the village

treasurer was entitled to and did retain an amount equivalent to that credit out of tax payments made to him by other taxpayers in discharge of their taxes, which of course include the amounts which were to be turned over to the county treasurer. On May 1, 1929, the county treasurer advertised the sale of plaintiff's property on June 11, 1929, for the delinquent tax. On June 5, 1929, plaintiff, under protest, paid to the county treasurer the full amount of the delinquent tax, with accrued interest and penalties. That payment included the illegal levy of $480.75, which the village collected when that amount was included in the credit given to the village treasurer in the settlement between him and the county treasurer in March, 1929.

By virtue of sec. 74.19 (3), Stats., the taxes then returned as delinquent belonged to the county and became its property. Consequently, as a corollary of that conclusion, it follows that all sums received by the village treasurer upon the levy of county taxes, and retained by him in place of the returned delinquent taxes (in which was included the unlawful levy of $480.75), were *collected* by him upon the latter. *State ex rel. Bank of Commerce v. Bell,* 111 Wis. 601, 604, 87 N. W. 478. As that settlement constituted a collection by the village treasurer, the defendant, as the village which collected such tax, is liable under sec. 74.73, Stats., for the repayment to plaintiff of the $480.75 which the village received in excess of the lawful tax. However, such payment as plaintiff made on account of penalties and accrued interest cannot be recovered from the village, because it did not collect any amount on account of those items.

As the taxes had been returned as delinquent, and the sale had been advertised and was about to be made, there existed such duress that payment by plaintiff under protest was permissible. There was certainly no such voluntary payment as to bar recovery. *Welch v. Oconomowoc,* 197

Wis. 173, 221 N. W. 750. Plaintiff's payment under protest, followed by the proper filing of its claim for refund with the village clerk on the fortieth day and the commencement of this action within one year after such payment, properly preserved plaintiff's right to recover in this action from the village, under sec. 74.73 (1), Stats., the illegal and excessive portion of the tax. *Welch v. Oconomowoc, supra.* It is immaterial that plaintiff might also have sought or obtained some relief by resorting to some other action or proceeding within the contemplation of sec. 75.61, Stats., or by endeavoring to effect some compromise with the county officials as authorized by sec. 75.60, or by requesting the county treasurer to withhold, under sec. 74.39, plaintiff's land from a sale. There is no requirement that those measures or means must be resorted to before the person aggrieved by the levy and assessment of an unlawful tax is entitled to maintain the action authorized by sec. 74.73. Plaintiff had established the illegality of the excessive tax in the action which had been decided in his favor by the circuit court as well as by this court. It would certainly be most unreasonable to impose upon a taxpayer so situated the burden of additional litigation as a condition precedent to the recovery of an involuntary payment made under protest. It follows that plaintiff was entitled in this action to recover from defendant the sum of $480.75, with interest thereon.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for $480.75 and the interest thereon.