# JUNE TERM, 1907.

MICHAELS *v.* McROY.

148 577
s158 607

1. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — CON-
TRACTORS' BONDS—FAILURE TO TAKE — LIABILITY OF OFFICERS.
No recovery can be had by a materialman against the trustees
of a village for failure to take of a public contractor the
bond provided by sections 10743, 10744, 3 Comp. Laws, with-
out a showing that the plaintiff's claim cannot be collected of
the contractor.

2. APPEAL AND ERROR—QUESTIONS CONSIDERED—THEORY BELOW.
Where plaintiff's counsel conceded that the declaration did not
contain a sufficient averment of a fact which he contended
was not essential, but the court held the averment to be nec-
essary to his cause of action, and directed a verdict, this
court cannot reverse the judgment on the ground that the
fact in question is sufficiently averred.

Error to Lapeer; Lockwood, J., presiding. Submitted
April 3, 1907. (Docket No. 6.) Decided June 5, 1907.

Case by Louis Michaels and Edward Michaels, co-
partners as Michaels Brothers, against Robert McRoy,
Charles Marshall, Charles Palmer, Frank Rathsburg,
George Ryman, and Joseph Taylor, board of trustees of
the village of Imlay City, for failure to require the stat-
utory bond of a contractor for the construction of a public
hall. There was judgment for defendants on a verdict
directed by the court, and plaintiffs bring error. Affirmed.

*John Loughnane,* for appellants.

*Geer, Williams & Halpin* and *W. E. Brown,* for
appellees.

148 MICH.—37.  (577)

Hooker, J.  The defendants were trustees of the village of Imlay City, in 1902, at a time when the village council let to Hulbert & Co. a job for building a village hall.  The council neglected to take the bond required by 3 Comp. Laws, §§ 10743, 10744, and 10745.  The plaintiffs were copartners who furnished materials to Hulbert & Co. for the building, and of the price of the same there remained unpaid the sum of $388.92, for the recovery of which they began suit, by declaration, against the defendants, in February, 1905.  Upon the trial, counsel for the defendants, who had pleaded the general issue, objected to the introduction of any testimony, upon the ground that the declaration failed to show that the plaintiffs had exhausted their remedy against Hulbert & Co., and that it did not allege that the contractor was irresponsible, or that there was any obstacle to collection from him.  The circuit judge held that, if the plaintiffs desired to go on with the case on the theory that it is immaterial whether Hulbert & Co. are financially responsible or not, they might do so, or the court would allow the plaintiffs to amend the declaration by adding thereto an allegation as to the amount of money remaining unpaid upon the purchase price of the materials sold and furnished to Hulbert & Co.; and also the further allegation as to the financial irresponsibility of Hulbert & Co., and as to their ability to collect from this firm the balance unpaid on the purchase price of these materials.  The court further held that, if the plaintiffs' counsel elected to make such an amendment, counsel for the defendants might have the case adjourned over the term, in which event the defendants will recover from the plaintiffs their costs.  The plaintiffs might elect to amend or proceed with the declaration as it now stands.  Defendants' attorney stated that they were not prepared to traverse the financial responsibility of Hulbert & Co., and that it would necessitate a continuance if the amendment were made.  Plaintiffs' attorney elected to go on with the matter as the declaration now stands.  A verdict for the defendants was directed at the close of plaintiffs' testimony, for the following reasons:

"1. That before recovery could be had against the defendants it must be alleged in the declaration and shown by the evidence that the plaintiff had suffered some damages by reason of this bond not being taken.

"2. There is no allegation in the declaration in this case that any demand was ever made on Hulbert & Co., and that they had refused to pay.

"3. There is no allegation in this declaration that Hulbert & Co. are not pecuniarily responsible.

"4. There is no evidence here that this bill might or would not have been paid had it been presented, and no evidence that it was ever presented to any person and payment asked of Hulbert & Co."

The plaintiffs have taken a writ of error.

The statute provides that the officers, letting a public contract, shall require a bond conditioned for the payment of the contractor, or subcontractor, as the same may become due and payable, of all indebtedness which may, etc. Such a bond is practically a guaranty of payment, and the surety's liability would rest on his contract of suretyship. The liability of these defendants does not rest on a contract, but on the neglect of a duty due to the materialman which attached when he furnished materials. As said by Mr. Justice GRANT, in *Staffon* v. *Lyon*, 110 Mich. 261:

"The action is based upon tort, and not upon contract."

A right of action does not accrue immediately upon a failure to require bond. It is only when labor is done or materials are furnished. Until then there has been no wrong to any particular person, and, until an obligation has become due, there is no right of action. Then the right accrues, if there has been an injury, and in this respect the case is not different from other cases. If the neglect be a wrong, but without injury, there can be no recovery. 4 Current Law, p. 1682, and cases cited. If the contractors in the present case were shown to have been at all times able and willing to pay the plaintiffs' claim, the failure to require this bond would have been

none the less a violation of duty, but it would have been without injury.

It is incumbent upon the plaintiff to show both wrong and injury, and it is also necessary that both should be alleged. The declaration in this case alleges the failure to require the bond. It also alleges that the plaintiffs furnished material to the amount of $500 to the contractor for use in the building contracted by the defendants. It does not state in express terms that said claim is due, that any demand for or refusal of payment has been made from or by the contractor, that he is irresponsible, or that the plaintiffs have been injured by the failure to require the bond. The nearest approach to this is the following allegation :

" And for that whereas, also, the said defendants in disregard of their duty aforesaid, negligently and carelessly and in disregard of the rights of these plaintiffs, neglected to require of the said contractors, George D. Hulbert & Co., the bond aforesaid, and permitted the said George D. Hulbert & Co. to take and enter into the said contract for the construction of the said village hall, and to enter upon the performance thereof, without giving security, by bond or otherwise, for the payment of the said contract for the labor and materials furnished therein, as required by the aforesaid statute, and in consequence whereof there is no fund to which the said plaintiffs can resort for the collection of their said claim, whereby and by reason of said conduct and neglect of duty of the said defendants, and by the provisions of the said statute, an action hath accrued to the said plaintiffs to recover of the said defendants the sum of $388.92, with interest thereon from, to wit, April 28, 1903, to the plaintiffs' damage $500, therefore they bring suit."

We are not agreed that this declaration failed to state a cause of action; some being of the opinion that it substantially alleged that the sum due could not be collected from Hulbert & Co., but we are agreed that the circuit judge did not have his attention called to such a question. The record indicates that plaintiffs' counsel practically conceded that the declaration did not contain a sufficient

averment of Hulbert & Co.'s irresponsibility, but insisted that it was not a necessary averment under his construction of the law, viz., that a failure to take the statutory bond of itself created a liability. For this reason we are precluded from reversing the judgment, whatever we may think of the sufficiency of the declaration in the particular discussed.

The judgment is affirmed.

CARPENTER, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.