### MICHAELS *v.* McROY.

1. PUBLIC OFFICERS — STATUTES—LIABILITY FOR FAILURE TO RE-
QUIRE CONTRACTOR'S BOND—MUNICIPAL CORPORATIONS.
  Trustees of a village who omit to require of a contractor con-
  structing a village hall, the bond for protection of material-
  men and others, under 3 Comp. Laws, § 10743, *et seq.*, are
  liable to persons furnishing material, who incorrectly sup-
  posed that the mechanic's lien law protected them.

2. SAME—NOTICE OF FAILURE—CREDIT.
  Notice to the materialmen before all the lumber was furnished
  by them that the statutory bond had not been given, did not
  preclude their recovery unless they proceeded in reliance on
  the responsibility of the contractors.

3. SAME—EXHAUSTION OF REMEDIES AT LAW.
  Where the contractors, to whom the material was furnished,
  were shown to be irresponsible and unable to pay the mate-
  rialmen, an action at law need not be brought against the
  contractors before suit to charge the trustees can be main-
  tained.

4. SAME—DEFENSES.
  That the village is under a moral obligation to pay materialmen
  for the benefit received is not a defense to an action for the
  neglect of its trustees to require such bond.

Error to Lapeer; Smith, J. Submitted October 14,
1909. (Docket No. 44.) Decided November 5, 1909.

Case by Louis Michaels and Edward Michaels, copart-
ners as Michaels Brothers, against Robert McRoy, Charles
Marshall, Charles Palmer, Frank Rathsburg, George
Ryman, and Joseph Taylor, board of trustees of the vil-
lage of Imlay City, for failure to require the statutory
bond of a contractor for the construction of a public build-
ing. A judgment for plaintiffs on a verdict directed by
the court is reviewed by defendants on writ of error.
Affirmed.

*Geer, Williams & Halpin* and *W. E. Brown,* for appellants.

*John Loughnane* and *Herbert W. Smith,* for appellees.

Brooke, J.   In July, 1902, defendants, who were then trustees of the village of Imlay City, contracted with Hulbert & Co. to construct a village hall for $6,000.   In December of that year plaintiffs established a lumber yard at Imlay City, and furnished Hulbert & Co. some lumber that went into the building.   At the time the contract between the village and Hulbert & Co. was made the trustees (defendants herein) did not know of the statute (3 Comp. Laws, §§ 10743–10745), requiring them to take a bond from the contractors to protect laborers and materialmen, and no such bond was taken.   The plaintiffs furnished the material in ignorance of the statutory requirement, believing that they were protected by the mechanic's lien act.   Hulbert & Co. became financially irresponsible, and were unable to complete their contract.   Plaintiffs have brought their suit against the trustees as individuals under the statute.   A verdict was directed for the amount claimed in favor of plaintiffs, and defendants have brought the case here by writ of error.

The defendants claim that a verdict should have been directed in their favor, because the evidence showed conclusively that the plaintiffs did not furnish the material, relying for protection upon the statutory requirement as to a bond, but, on the contrary, supposed that they were protected by the mechanic's lien law.   We do not deem it necessary to discuss this proposition, but it may be said that it was doubtless the legislative intent to protect those ignorant of the law, as well as those learned therein.

Testimony was introduced tending to show that, before all the material was furnished, the plaintiffs had actual notice that the bond required by the statute had not been given.   Plaintiffs denied such notice.   Defendants contended that this raised a question of fact for the jury,

and that, if it was determined adversely to plaintiffs, they should be limited in their recovery to the value of the material furnished by them before notice.

Under our view of the case, it is of no consequence whether the plaintiffs knew, or did not know, that no statutory bond had been required, in the absence of testimony tending to show that the plaintiffs had furnished the material after such alleged notice, in reliance upon the financial responsibility of the contractors. The record shows that at the time the notice is claimed to have been given plaintiffs, they were making inquiries as to how they were to be paid, if they furnished the material, and they were assured by the defendants, or some of them, that the village would pay. It is therefore clear that they did not rely for their pay upon the financial responsibility of the contractors.

It is urged by defendants that, in any event, plaintiffs cannot maintain this action until they have exhausted their remedy against the contractor by suit, and the return of an execution unsatisfied. Plaintiffs testified that they had made numerous demands upon the contractors for their pay, and that payment had not been made, the contractors claiming to be unable to meet the obligation. In addition to this, three of the defendants, Marshall, Rathsburg, and Taylor, testified that as early as December, 1902, the contractors had admitted to them their inability to complete the building because they had no money. The defendants offered no testimony tending to show that the contractors had any financial responsibility. Under the circumstances of this case, we hold that it was unnecessary for plaintiffs to do more than they did. When this case was before this court upon the sufficiency of the declaration (*Michaels* v. *McRoy*, 148 Mich. 577 [112 N. W. 129]), the court said:

"A right of action does not accrue immediately upon a failure to require bond. It is only when labor is done or materials are furnished. Until then, there has been no wrong to any particular person, and, until an obligation

has become due, there is no right of action. * * * It is incumbent upon the plaintiff to show both wrong and injury."

There seems to be no doubt that the village received the benefit of the material furnished by plaintiffs, and therefore might with propriety recognize its moral obligation and pay for the same. *Stockdale* v. *School District*, 47 Mich. 226 (10 N. W. 349). But this fact cannot militate against the right of the plaintiffs to pursue a legal remedy provided by statute for their protection.

The other assignments of error have been considered, but no discussion of them is deemed necessary.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MOORE, and MCALVAY, JJ., concurred.