RIMMER et al. v. BAY LUMBER CO.
(No. 7289.)

(Court of Civil Appeals of Texas. Galveston. April 20, 1917. Rehearing Denied May 10, 1917.)

ESTOPPEL ☞118—ESTOPPEL BY CONDUCT—RELEASE OF LIABILITY.

In an action by a lumber company against an insolvent building contractor and the trustees of a school district for a balance due for materials for which the building was being erected, evidence *held* to show that plaintiff, by his action in refusing to present its account against the contractor when notified to do so by the trustees, stating that it looked to the contractor alone for payment, was estopped from claiming that the trustees were liable for the balance due.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 306, 308.]

Appeal from Brazoria County Court; A. R. Rucks, Judge.

Action by the Bay Lumber Company against Emmet Rimmer and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Wilson & Follett, of Angleton, for appellants. A. E. Masterson and C. D. Jessup, both of Angleton, for appellee.

PLEASANTS, C. J. This suit was brought by the appellee, Bay Lumber Company, against R. D. Sterling, building contractor, and the school trustees of Sweeny independent school district (including the legal representatives of one of said trustees) for a balance of $738.45 due by said Sterling in appellee, Bay Lumber Company, for material going into the construction of a school building for said district. The Bay Lumber Company seeks to hold the said school trustees liable for said debt upon the ground that in entering into contract with Sterling they neglected to take or require of said contractor a bond conditioned so as to protect a materialman who furnished material for same. It also pleaded insolvency of the contractor, R. D. Sterling. The trustees pleaded and urged general demurrer, and special exceptions because the suit was not brought to the first term of court after the indebtedness became due, nor to the second term showing cause why it was not brought to the first term; also special exception pleading misjoinder of parties defendant, and also misjoinder of causes of action, as a suit for debt against R. D. Sterling, and a suit in tort against the other defendants, said trustees. They also pleaded in defense general denial, and specially that the Bay Lumber Company had waived all claim, if any it had, against said trustees, both by word and action, and that they relied and acted upon said waiver and depended thereon in making settlement with said contractor. They specially set up that they gave notice to the Bay Lumber Company by notifying its manager, O. N. Joyner, at Sweeny, through their architect, John McLelland, and again through one of their number, E. R. Clark, that if the Bay Lumber Company had any unpaid bills for material going into the construction of said school building, it should present the same to the school trustees, and that in both instances said manager, Joyner, expressly stated in substance that he was relying on Mr. Sterling exclusively for the payment of his bills. They pleaded further, that they notified said manager, Joyner, of the time and place they

contemplated meeting to receive said building and make final payment therefor, and invited any unpaid bills the Bay Lumber Company might have, to the end that they might protect the same, which said Bay Lumber Company, through its manager Joyner, expressly declined by both word and action. Said trustees specially pleaded these matters as estoppel, and also as contributory negligence. Said trustees also pleaded and urged as a defense that the contractor, R. D. Sterling, received and deposited the money, in payment for work and material in the construction of said building, in the First National Bank of Bay City, Tex., and that he had a bank account with said bank, all of which was known to the Bay Lumber Company, through its manager, Joyner, and that it remained on deposit in said bank in sufficient amount to have paid the indebtedness involved herein for sufficient time to have been reached by proper legal proceedings, and that no effort was made by said Bay Lumber Company to reach the same by appropriate legal proceedings, and that thereafter said money was withdrawn and said Sterling became wholly insolvent. The case was tried before the court without a jury, and judgment was rendered in favor of Bay Lumber Company against said R. D. Sterling for $817.73 and against the school trustees, these appellants, for $285.05 thereof. All the parties to the judgment (except one Riley, against whom no judgment was rendered), excepted to the judgment, and in open court gave notice of appeal.

The evidence upon the issue of waiver and estoppel raised by defendants' answer is as follows, and is uncontradicted: It is agreed that John McLelland was supervising architect in the construction of the building in question. Said witness John McLelland testified by deposition that he was supervising architect, under Laton & Smith, in the erection of said building, and—

"that in way of protecting the Bay Lumber Company in any unpaid bill or bills it might have against said Sterling for material going into the construction of said building, at one time, in the latter part of November, or the beginning of December, 1913, he intimated to Joyner that if he had any doubts about Mr. Sterling's ability to pay his bills, he should send the same to the trustees before he issued the certificate to pay the $700 hereinabove mentioned; that he gave notice to Joyner, plaintiff's manager, pertaining to any unpaid bills or accounts it might have against said Sterling for material going into the construction of said building, as just stated; that he told Joyner that if he had any doubts at all about Mr. Sterling, he should send in his bill to the school trustees; that he did nothing more with reference to the account of the Bay Lumber Company than speak to Joyner about it, as above stated; when he so spoke to Joyner, Joyner replied, in substance, that he had the utmost confidence in Mr. Sterling, and was not worrying about his bill."

E. R. Clark, one of the defendant trustees, testified that on January 20, 1914, before the board of trustees made final settlement with the contractor, Sterling, he called upon Joyner, the general manager of appellee company, and told him that the trustees contemplated receiving the school building from the contractor one week from said date, and that if the Bay Lumber Company had any unpaid bills for material going into the construction of said building he (Joyner) should present the same to the school trustees before said meeting, or bring them to said meeting and present them to said trustees, in order that plaintiff might be protected in the payment thereof, and that in response thereto said Joyner told him (Clark) that Mr. Sterling owed a balance, but that was a personal matter between him and Mr. Sterling, and that he (Sterling) had been paying his bills promptly, and that he (Joyner) would hate like the devil to butt into that school trustees' meeting and offend Mr. Sterling.

The trial court held that plaintiff was guilty of "contributory negligence" in failing to present its bill to the defendant trustees at the meeting when the final settlement was made with the contractor after being notified by defendant Clark of the date of the meeting and requested to then present any account he might have against the contractor, and that by reason of such contributory negligence plaintiff was entitled to recover from defendant only that portion of its account in excess of the amount paid the contractor in said final settlement.

We think appellee by its refusal to present its account against the contractor when notified so to do by defendants' architect and the defendant Clark, and by its statements to each of said parties above set out, which was, in substance, that it did not look to defendants to protect it in the payment of its account, but relied solely upon its confidence in Sterling, should be held estopped from now claiming that defendants are liable to it for any portion of said account. If defendant had presented its account when notified by McLelland in November, 1913, the $700 then due the contractor would have been paid thereon, and if it had been present when the final settlement was made with the contractor and presented its claim for the balance due it, all of its account would have been paid out of the funds in the hands of the trustees due the contractor.

We do not find it necessary to decide whether in any event the trustees of the school district should be held personally liable to appellee because of their failure to require the contractor to execute a bond for the protection of those who might furnish material or labor in the construction of said building. There is high authority in support of appellee's contention that in such case the trustees should be held liable to the materialman. Michaels v. McRoy, 148 Mich. 577, 112 N. W. 129; Michaels v. McRoy, 158 Mich. 605, 123 N. W. 37.

Conceding such liability to exist, it would, we think, be inequitable and unfair upon the

facts of this case to hold appellants liable to appellee. In ignorance of any legal liability to appellee they made every reasonable effort to protect it by requesting it to present its account, if any it had, against the contractor in order that they might pay same out of money they had which was due the contractor. When appellee declined to present its account, and informed the trustees that it would rely upon the contractor to pay the account, the trustees had every reason to believe that they were relieved from all obligations of any kind to appellee; and, having thus been induced by appellee's words and acts to place themselves in a position in which, if appellee now asserts its claim, the loss will fall upon them, appellee should be held estopped from asserting such claim. This conclusion requires that the judgment of the court below be reversed and judgment here rendered in favor of appellants that plaintiff take nothing against them; and it has been so ordered.

Reversed and rendered.