Cowin & Company, Inc., Respondent, vs. City of Mer-
rill and others, Appellants.

*November 10—December 9, 1930.*

The cause was submitted for the appellants on the brief of *Carlyle B. Wurster* of Merrill, city attorney, and for the respondent on that of *Brayton E. Smith* of Wausau.

FAIRCHILD, J. The distinction is well established between the responsibilities of a municipality for acts done in its public capacity in the discharge of duties imposed upon it by the legislature for the benefit of the public, and acts done in what may be styled its private corporate or business capacity. An express statute is necessary to render municipal corporations liable to private actions for omission to perform a corporate duty imposed by general law from the performance of which the municipalities derive no compensation or benefit in their corporate capacity. The legislature by its act creating sec. 289.16 imposed a duty upon the defendant. This statute reads:

"289.16 All contracts involving one hundred dollars or more . . . when the same pertains to or is for . . . any public improvement, public road, . . . . of whatso-

ever kind of the state, or of any county, city, . . . shall contain a provision for the payment by the contractor of all claims for such work and labor performed and materials furnished, and no such contract shall hereafter be made or let unless the contractor shall give a good and sufficient bond, the penalty of which shall not be less than the contract price, conditioned for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all the claims for work or labor performed, and materials furnished. . . ."

Sub. (2) provides for the maintaining of an action against the contractor and the sureties after such bond has been taken by the city.

Legislative intent to afford to materialmen and laborers on public improvements a complete protection against loss is evident. The failures and insolvencies of contractors engaged in public work, together with the law denying to materialmen and laborers liens against municipalities resulting in losses, prompted the legislature to enact this remedial legislation, its purposes being to give further protection to municipalities and to protect against loss those furnishing labor and material for the construction of public works. The requirement made of the city by this statute is an absolute corporate duty. It protects the city and those dealing with it. It insures a fairer prospect of better bids because it encourages the competition of all interested by the assurance of payment. We are concerned here with a given duty which rests upon the municipality by positive legislative mandate. By reason of this legislation it is no longer discretionary or governmental in its nature. The municipality is directed to secure this bond for the purposes mentioned in the act. *Northwestern Steel Co. v. School District,* 76 Oreg. 321, 148 Pac. 1134; *W. T. Hardison & Co. v. Yeaman,* 115 Tenn. 639, 91 S. W. 1111; *Alpena v. Title G. & S. Co.* 158 Mich. 678, 123 N. W. 536; *Lake Shore Stone Co. v. Westgate,* 211 Mich. 540, 129 N. W. 264.

In entering into this contract the bond required by the statute was not insisted upon by the city and this breach of duty gives a cause of action against it. It is only the requiring of the bond, not the matter of determining the sufficiency thereof, that has been required of the municipality, and this cause of action exists only when failure to require the bond exists. The learned trial court in ruling on the demurrer said: "The statute imposes an express and carefully defined duty for the accomplishment of a well defined purpose, and it is not to be supposed that the legislature intended that the duty might be breached with impunity."

The exact question raised here has been considered in a number of cases before courts of last resort under statutes varying somewhat in their provisions and different results have been reached. In some states the statute expressly imposes a liability upon either the municipality or the officers whose duty it is to provide for the contract. In such cases the courts have followed the statutes and have held those upon whom the liability is thus imposed to a strict account of this responsibility in protecting the materialmen and laborers. Many courts have held that where a contract for public work has been let without obtaining from the contractor the statutory bond, in the absence of the statute expressly creating a cause of action against it, the public body is not liable to laborers or materialmen for work done or materials furnished.

The rule of this state is that a liability exists under circumstances such as set out in the complaint against the municipality. The purpose and effect of this law was considered in *Webb v. Freng,* 181 Wis. 39, 194 N. W. 155; *Baumann v. West Allis,* 187 Wis. 506, 204 N. W. 907; and while these cases were in this court on different facts, it was pointed out very definitely that this legislation places upon the municipality the duty of requiring the bond in language that is mandatory and unequivocal. The purpose

of the statute is to protect subcontractors and others in just such a situation as plaintiff is in, and is supplemental to any and all other existing remedies and methods of collecting their just remuneration for furnishing material and doing work in and about public improvements.

The argument is made that sec. 289.16 is in conflict with sec. 62.15, Stats., in that under the latter section the city might dispense with the sureties on the bond and accept in lieu thereof a certified check in an amount equal to five per cent. of the bid and retain twenty per cent. of the estimates made from time to time. This provision is only for the protection of the city, and while it may carry with it some incidental protection to laborers and materialmen, it was not, as sec. 289.16, intended for the protection and benefit of laborers and materialmen. This difference brought about the enactment of the two statutes, and there appears to be no reason why they both may not exist and be effective without affecting each other. The complaint states a cause of action against the city of Merrill and the demurrer was properly overruled.

*By the Court.*—Order affirmed and cause remanded for further proceedings according to law.