Smith, Appellant, v. Town of Pershing, Respondent.

*April 6—May 3, 1960.*

354

For the appellant there was a brief by *Clifford F. Curran* and *Charles G. Giles,* both of Medford, and oral argument by *Mr. Giles.*

For the respondent there was a brief by *Nikolay, Jensen & Scott* of Medford, and oral argument by *Raymond H. Scott.*

CURRIE, J. The plaintiff's cause of action against the town is grounded upon the holding of this court in *Cowin & Co. v. Merrill* (1930), 202 Wis. 614, 233 N. W. 561. It was therein held that a municipal corporation could be held directly liable by a materialman, who had supplied materials to a principal contractor with whom the municipality had entered into a public contract, if the municipality failed to obtain a bond from the principal contractor to protect subcontractors as required by sec. 289.16 (1), Stats. It is conceded that no bond was required by the town from the principal contractor, Brost, and that Brost has not paid the plaintiff for the gravel crushed and hauled by the plaintiff. In fact, Brost has been adjudicated a bankrupt.

The issue before us on this appeal is whether the plaintiff's cause of action against the town is barred because of the failure of the plaintiff to comply with sec. 60.36, Stats., before commencing his action. Such statute provides in part as follows:

"No action upon any claim or cause of action for which a money judgment only is demandable, except upon town orders, bonds, coupons, or written promises to pay any sum of money, shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit, nor until five days after the adjournment of the next regular meeting of the board of audit thereafter."

The purpose to be served by such a notice-of-claim statute is stated in 17 McQuillin, Mun. Corp. (3d ed.), p. 63, sec. 48.02, to be:

"The principal purpose of the requirement that claims be presented or filed is to provide the city with full information of the rights asserted against it, enable it to make proper investigation concerning the merits of the claim, and to settle those of merit without the expense of litigation."

While the author is only speaking of notice-of-claim statutes pertaining to cities, the quoted statement is equally applicable to those applying to other municipalities such as towns. See also *Wentworth v. Town of Summit* (1884), 60 Wis. 281, 283, 19 N. W. 97, and *Firemen's Ins. Co. v. Washburn County* (1957), 2 Wis. (2d) 214, 227, 228, 85 N. W. (2d) 840.

Such being the purpose of sec. 60.36, Stats., we can perceive of no reason why the statute should not be applicable with respect to the plaintiff's instant cause of action against the town. There is nothing in sec. 289.16 (1) which in any way conflicts with sec. 60.36. We deem that the circuit court properly determined that the plaintiff's failure to file a statement of his claim with the town clerk bars his action against the town.

The plaintiff has cited *Town of Ettrick v. Town of Bangor* (1893), 84 Wis. 256, 54 N. W. 401. In that case the plaintiff town sought to recover from the defendant town for public assistance rendered to poor persons. Because the statute regulating such poor assistance prescribed the entire procedure for enforcing a claim by one municipality against another, the court held it was unnecessary to file a statement of claim under sec. 824, R. S., predecessor to sec. 60.36. In the instant situation no such procedure for enforcing the plaintiff's claim against the defendant town is set forth in sec. 289.16 (1).

In *Firemen's Ins. Co. v. Washburn County, supra,* it was held that provisions of sec. 81.15, Stats., which section imposes liability upon municipalities for damages incurred as a result of a street defect and provides for service of a notice of injury upon the municipality, do not relieve the damaged party from complying with the notice-of-claim statutes, such as sec. 60.36.

Although entirely outside of the record, the plaintiff's brief states that since the commencement of the action he

has filed a statement of his claim with the town clerk. Because of this he requests us to pass upon the issue of whether the measure of his recovery against the town under sec. 289.16 (1), Stats., is the price for crushing and hauling agreed upon between Brost and himself, or whether it is limited to reasonable rent for his crusher and trucks exclusive of the cost of any labor to operate the same. However, for us to pass on such issue would be to render an advisory opinion. This is because it is not relevant to the instant action, but would only be of value in another action which plaintiff contemplates commencing if we affirm the judgment below. This court declines to render advisory opinions.

The entry of judgment dismissing the plaintiff's complaint and our affirmance of such judgment have rendered moot the issue of whether it was error to deny plaintiff's motion for summary judgment. *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672. Therefore, the appeal from such order will be dismissed.

*By the Court.*—Judgment affirmed; appeal from order dismissed.