FLOOD and others, Respondents, v. BOARD OF EDUCATION, JOINT SCHOOL DISTRICT No. 1, Villages of Menomonee Falls, Butler, and Lannon, Waukesha County, Wisconsin, and others, Appellants.

*No. 435. Submitted under sec. (Rule) 251.54 January 7, 1975.—*
*Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 711.)

The cause was submitted for the appellants on the briefs of *John H. Bowers, John C. Carlson,* and *Lawton & Cates,* all of Madison; *Richard Perry* and *Perry & First,* all of Milwaukee; *John P. McCrory* of Madison for the Wisconsin Education Association Council; and *Stephen Nassau* for the National Education Association, Inc.

The cause was submitted for the respondents on the brief of *Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S. C.* of Milwaukee, attorneys; and *Walter S. Davis* and *David J. Vergeront* of Milwaukee, *Michael E. Merrill* and *Raymond J. LaJeunesse, Jr.* for The National Right to Work Legal Defense Foundation, and *John L. Kilcullen* and *Webster & Kilcullen* of Washington, D. C., of counsel.

HEFFERNAN, J. The appeal is from an order overruling the defendants' demurrers to the complaint. This action was commenced by four teachers employed by Joint School District No. 1, which includes the village of Menomonee Falls, Waukesha county, Wisconsin. They

have sued the school board of District No. 1, as their municipal employer, and certain other defendants, including the Menomonee Falls Education Association, a labor organization which represents the majority of the employees in the bargaining unit. The plaintiffs are not members of the union, and they challenge the constitutionality of the fair-share agreement in the collective bargaining contract entered into between the school board and the Menomonee Falls Education Association.

"Fair-share agreement" is defined in sec. 111.70 (1) (h), Stats. Basically, a fair-share agreement provides, pursuant to a collective bargaining contract, that employees, whether or not members of the bargaining unit, may be required to pay "their proportionate share of the cost of the collective bargaining process and contract administration measured by the amount of dues uniformly required of all members." The plaintiffs allege that these funds are used for some purposes, including political, that they state are unrelated to collective bargaining, and therefore are in violation of the statute.

Plaintiffs also challenge the constitutionality of sec. 111.70 (2), Stats., which specifically authorizes that fair-share deductions be made from the wages of non-union, as well as union, employees. It is alleged that the statute is unconstitutional, because it accomplishes no public purpose, it improperly delegates legislative power, and, taken in totality, denies plaintiffs equal protection of the law.

In their prayer for relief, the plaintiffs ask for a declaration that the statute is unconstitutional, for a temporary and permanent injunction restraining the enforcement of the fair-share agreement, and for a money judgment for the deductions from their wages, which they claim were unlawfully and unconstitutionally withheld. Each of the several defendants demurred to the complaint.

The school board demurred on the ground that the court lacked jurisdiction over the subject matter, because no claim was filed with the school district as required by sec. 118.26, Stats., and because the Wisconsin employment relations commission has exclusive jurisdiction over the subject matter.

As another ground for demurrer, the school board alleged a defect of parties defendant, because the joint· school district is an indispensable party and was not joined in the action.

It also demurred because the action was not commenced within the time limited by law, as prescribed by sec. 118.26, Stats.

It further demurred on the ground that the court lacked personal jurisdiction, because the suit was brought against the board of education, which, it is alleged, is not *sui juris* and subject to suit.

Each of the other defendants demurred on the same grounds; however, only the school board alleged on demurrer that there was no jurisdiction because the board is not *sui juris*.

On October 10, 1973, the circuit judge ordered the demurrers overruled.

On appeal the defendants have not argued that the WERC had exclusive jurisdiction, nor did they argue that the action was not timely commenced.

Since this matter is before us on demurrer, the question of constitutionality of the statutes attacked is not before us. The only question posed is whether the plaintiffs have filed and served a complaint that requires the defendants to answer. We conclude that the trial judge properly overruled the demurrers, and the order will be affirmed.

The defendants on appeal initially argue that the plaintiffs' action must be dismissed, because they failed

to file a claim with the school district pursuant to sec. 118.26, Stats. Sec. 118.26 provides:

"118.26 **Claim against school district.** An action upon any claim shall not be maintained against a school district until the claim has been presented to the school board of the district and disallowed in whole or in part."

In their brief the defendants concede, at least for the purpose of these proceedings, that the major impact of the plaintiffs' allegations is equitable in nature. They argue, however, that no claim, whether equitable or for damages, may be maintained until the claim has been presented and disallowed.

Both plaintiffs and defendants on this appeal appear to agree that, were the action one properly denominated a claim for money damages, compliance under sec. 118.26, Stats., was required.

Although the plaintiffs' complaint asks for damages in the sum of the fair-share payments withheld, it is conceded that such award of damages could only be ancillary and subsequent to the equitable remedies sought by the plaintiffs. Accordingly, we treat this ground for demurrer in the same manner as it is treated by the parties hereto—involving only a claim for equitable relief.

We agree with the position of the plaintiffs that the filing of a claim pursuant to sec. 118.26, Stats., is not the *sine qua non* of maintaining this action. The recent case of *Veith v. Joint School District No. 6* (1972), 54 Wis. 2d 501, 196 N. W. 2d 714, demonstrates that the notice requirements under sec. 118.26 are rigorously applied where the claim is for money damages. By way of dicta, it would also tend to indicate that some notice is required even in the case of an equitable claim. We conclude, however, that that dicta is neither controlling nor persuasive. More to the point, is *Hasslinger v. Hartland*

(1940), 234 Wis. 201, 290 N. W. 647. It was there claimed that the suit could not proceed because the plaintiffs had failed to file the claim required by sec. 61.51. The court stated:

"Where the action is for equitable relief (as for abatement of a nuisance by injunction) no claim need be filed under this or *statutes having a similar purpose*." (Emphasis supplied.) (P. 205)

In *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 127, 168 N. W. 2d 107, the court concluded that *Madison v. Frank Lloyd Wright Foundation* (1963), 20 Wis. 2d 361, 122 N. W. 2d 409, decided that the notice-of-claim statute there under consideration was applicable only to damage claims and was totally inapplicable to equitable claims. The provisions of the notice-of-claim statute there under consideration was in substance identical with sec. 118.26, Stats. Sec. 62.25 (1), which was the statute discussed in *Schwartz* and *Frank Lloyd Wright Foundation* provided in part: "No action shall be maintained against a city upon a claim of any kind . . . ."

The purpose of notice-of-claim statutes was discussed in *Smith v. Pershing* (1960), 10 Wis. 2d 352, 355, 102 N. W. 2d 765, wherein the court quoted 17 McQuillin, *Municipal Corporations* (3d ed.), p. 63, sec. 48.02, in respect to the purpose of notice-of-claim statutes:

" 'The principal purpose of the requirement that claims be presented or filed is to provide the city with full information of the rights asserted against it, enable it to make proper investigation concerning the merits of the claim, and to settle those of merit without the expense of litigation.' "

In this case, where there is no factual dispute and the essence of the plaintiffs' argument is in respect to constitutionality, the school board would be powerless to compromise or settle. It is bound by the requirements of the statute unless that statute is unconstitutional. There

would be no purpose in filing a claim under the circumstances presented here.

We conclude that an equitable claim need not be submitted to the school district or to the school board as a condition for maintenance of this suit. The trial court correctly overruled the demurrer in this respect.

We point out, however, that, even were this claim statute applicable, it would not, under the present posture of this case, be a ground for demurrer. The filing of the claim is not a condition precedent for the commencement of the action but only for its maintenance. In *Schwartz, supra,* page 128, this court stated that, even before filing, if required, a suit could be commenced. It also stated:

"However, if the claim has not been filed and rejected at the time the issue is raised in the suit, which is commenced before the filing and rejection of the claim, the action shall be dismissed."

It would appear, therefore, that the failure to file a claim is not demurrable, since, under sec. 118.26, Stats., the claim could be filed and rejected at a later stage of the action. The appropriate motion would be one to dismiss for failure to comply with the condition precedent for maintaining the action.

The school board also demurred to the complaint on the ground that it is not *sui juris* and cannot be sued. It relied upon the 1931 case of *State ex rel. Board of Education v. Racine* (1931), 205 Wis. 389, 236 N. W. 553. While that case held, under the statutes as they existed then, that a board of education of a city school system was not a body corporate and could neither sue nor be sued, the statutes have been substantially revised and the legislatively created joint school district under consideration here is an entirely different legislative creature than a city school district which operates under the almost complete control of a city common council.

In the *Racine Case,* the court pointed out that a city school board's contracts were city contracts; but under the statutes as they exist now, a school board, as in the instant case, may enter into contracts and agreements for numerous purposes. *See generally,* ch. 120, Stats., School District Government. Listed therein are specific authorizations for school boards to enter into lease agreements (sec. 120.13 (3)) and to contract with or employ architects and engineers (sec. 120.13 (9)). Under sec. 120.12 (3), the school board determines its budget and merely certifies the sum needed to the appropriate municipal clerk, "who shall assess the amount certified." Under sec. 118.21, the school board may contract for the hiring of teachers.

In *Board of Education v. WERC* (1971), 52 Wis. 2d 625, 191 N. W. 2d 242, the board of education of School District No. 1, City of Ashland, and the majority union entered into a collective bargaining agreement which was found to discriminate against the minority union. The court held, at page 634, that the board of education of the district must take responsibility for the contract it created.

It seems clear, therefore, that the board can be sued in the same official capacity that it utilized in entering into the contract.

A school district, although in part within the corporate limits of a city, is not subordinate to a city council, as a city school system was under the law applicable in the *Racine Case.* Moreover, although sec. 262.06 (4) (a) 5, Stats., is a procedural recitation of a method of service of process, it provides that, where an action is against a "school board," service may be accomplished upon certain specified members of that board. There is ample evidence to show that the legislature intended that a school board may be sued. The circuit court in this case properly rejected the defendant's claim that the

school board was not *sui juris* and correctly overruled the demurrer.

We also conclude that the circuit judge properly held that the school district is not an indispensable party and there was no defect of parties defendant because the school district had not been made a named defendant in the action.

We have pointed out that the members of a school board, as a board, may be sued. If, as was held in *Board of Education v. WERC, supra,* a board of education must take the responsibility for a contract it has entered into, there would appear to be little substantive difference whether the school board or the school district is named as a party defendant.

Moreover, there is nothing from the face of the complaint which would show a defect of parties. In the event a defect is not apparent from the face of the complaint, ordinarily the objection must be taken by answer, as provided by sec. 263.11, Stats. In ruling on a demurrer, however, a court may take judicial notice of the law of Wisconsin and its general knowledge of school district organization. It is a matter of ascertainable knowledge of which we take judicial notice that, where there is a school board of a joint school district, there exists an underlying school district which is governed by that board. Hence, we approach this problem taking notice judicially of the powers and functions of the school district.

We conclude, when the relationship between the school board and the school district is considered, the school district is not an indispensable party.

A somewhat similar situation, albeit in a different context, was discussed in *Barry Laboratories, Inc. v. State Board of Pharmacy* (1965), 26 Wis. 2d 505, 511, 132 N. W. 2d 833. Therein we said:

"The purpose in either case is to determine whether a course of official action is consistent with the laws or

constitution. The principle that such an action against individuals who are officers is not an action against the state has been termed a fiction, created 'in order to find a way around sovereign immunity.' As a matter of practice, a decision unfavorable to the position of the officers in an action against them individually, is ordinarily recognized as final by the successor officers. Although there is a question whether a judgment against individual officers is *res judicata* against the state and other officers, Professor Davis has pointed out that the state may be bound by judgment in an action against its officers where such officers are defended by the government's counsel."

We believe that the rationale of *Barry, supra,* is applicable to this case. If the fair-share agreement was executed by the board of education as the authorized officers and agents of the school district, then the school district is equally bound and a decision here is res judicata unless the conduct of the board was ultra vires, and there is no allegation in that respect. In addition, the complaint alleges that the school board (not the school district) was the party to the fair-share agreement.

While there may be cases where the interests of the board of education may be different than that of the school district, and in such case the school district would not be bound by a judgment brought only against the board of education, the action here, as it was in *Barry,* is for the determination of "whether a course of official action is consistent with the . . . constitution."

A declaratory judgment in this action, which seeks to hold the statute itself unconstitutional, would be binding upon school boards and school districts or any municipal employer covered by sec. 111.70, Stats. Accordingly, the distinction which the plaintiffs urge here —a distinction which would be not without merit in some cases—is irrelevant in the instant case.

While we could take the position, as do the plaintiffs, that the defect is not apparent on the face of the complaint and, therefore, is not properly an objection to be raised by demurrer, this would merely result in having the same objection posed by an answer. This court should not encourage the delay that this would occasion, even though there is some technical merit to the plaintiffs' argument. We prefer in this instance to cut the Gordian Knot and conclude that, in the instant case, in light of the plaintiffs' prayer for relief, which is conceded by the defendants to be declaratory and equitable only, the failure to join the school district as a defendant was not demurrable or an objection fatal to the complaint.

*By the Court.*—Order affirmed.