POWELL vs. THE BOARD OF SUPERVISORS OF ST. CROIX COUNTY.

CAUSE OF ACTION: VOID TAXES: VOLUNTARY PAYMENT. *(1) Effect of voluntary payment of void tax. (2) School-district tax, when void. (3) What constitutes a voluntary payment of void taxes.*

1. One who voluntarily pays a void tax, with knowledge of the facts rendering it void, cannot recover the amount.

2. Where the clerk of a school district fails in any year to file with the town clerk the statement required by sec. 34, ch. 23, R. S. 1858, and amendatory acts (Tay. Stats., 559, § 65), this invalidates the school-district tax for that year; and the want of such statement, as going to the groundwork of the tax, may be set up as a defense to an action under sec. 35, ch. 22, Laws of 1859, upon a tax deed based on such tax, without making the deposit required by sec. 38 of said act.

3. The deposit and acceptance of the amount of such void tax and charges in such an action, constitutes a *voluntary payment;* as does also the payment of money to the county clerk to redeem lands from sales for pretended school-district taxes void for the reason above stated, even though the county, at the time thereof, may be threatening to issue tax deeds upon such sales. *Marsh v. Supervisors,* 42 Wis., 355, distinguished.

APPEAL from the Circuit Court for *St. Croix* County.

The complaint alleges the following facts: Plaintiff is the owner of certain land therein described, and has owned the same for the last ten years or more. This land was sold by the proper officer of the county in 1870, for delinquent taxes assessed thereon, and the usual certificate of sale was issued to the purchasers. In 1875 a tax deed of the land was executed to the holder of such certificate, who immediately thereafter commenced an action under the law of 1859, ch. 22, sec. 35, to bar or foreclose the right, title or interest of the plaintiff in the land. This plaintiff (the defendant in that action) deposited the sum for which the land was sold, and 25 per cent. interest thereon, with the clerk of the court, as required in certain cases by sec. 38, and the plaintiff in that action accepted and received the money so deposited. The land was again sold in 1871, and also in 1872, for delinquent taxes thereon of the preceding years, and certificates of sale were issued to the purchasers. In 1875 the plaintiff redeemed from such sales by paying to the county clerk the sums for which the land was sold, and interest thereon at 25 per cent. When such redemption was made, the defendant board of supervisors was threatening to issue tax deeds on such certificates. The taxes in question were levied as school-district taxes, and are alleged to be void for the reason (amongst others) that the clerk of

the proper school district failed to make and file with the town clerk for the years in which the taxes were levied, the statements required by sec. 34, ch. 23, R. S. 1858, and amendatory acts. Tay. Stats., 559, § 65.

Judgment is demanded for the sums so deposited in the foreclosure action, and so paid to redeem from the tax sales, with interest and costs.

The defendant board demurred to the complaint as not stating a cause of action, and appealed from an order overruling the demurrer.

For the appellant, there was a brief by *Moses E. Clapp*, its attorney, with *Humphrey & Clapp*, of counsel, and oral argument by *Edward P. Vilas*. To the point that payments voluntarily made upon void taxes cannot be recovered, they cited Cooley on Taxation, 565; Burroughs on Taxation, 267; 5 Kan., 417; 2 Dillon on M. C., § 751, and cases there cited.

For the respondent, there was a brief by *Wellington Vanatta*, and oral argument by *I. C. Sloan*. They contended that a payment to prevent a threatened seizure, sale or conveyance of property is not a voluntary payment (3 Cush., 572; 7 id., 442; 4 Met., 181; 5 id., 73; 6 id., 506); that the mere fact that plaintiff had another remedy in equity to cancel the certificates, did not render his payment voluntary; that where personal property is seized by a town collector for nonpayment of an illegal tax, the owner may either replevy the property or pay the demand and recover from the town (20 Wis., 191, 634; 25 id., 594; 27 id., 679; 37 id., 257; 42 id., 373; 13 id., 611; 18 id., 262; 33 id., 450–51); and that in the action to foreclose the tax deed, plaintiff could not defend without making the deposit. Tay. Stats., 449.

LYON, J. The averments in the complaint show that the taxes in question were illegally levied for want of the required statements of the district clerk. *Matteson v. The Town of Rosendale*, 37 Wis., 254.

It is well settled in this state and elsewhere, that money paid by compulsion on account of a void tax may be recovered in an action against the municipality receiving it. There are several decisions of this court to that effect.

It is equally well settled, that, if a person voluntarily pay a void tax, with knowledge of the facts which render it void, he cannot recover back the money thus paid. See Burroughs on Taxation, 267; *Philips v. Com'rs Jefferson Co.*, 5 Kan., 412; and cases cited in briefs of counsel.

No claim is made that the plaintiff made the deposit and redemptions in ignorance of the facts which invalidated the taxes. Hence, the only question to be determined is, Did the plaintiff pay the taxes under compulsion, or voluntarily?

There was no necessity whatever for making the deposit in the foreclosure action. The want of the statements of the district clerk went to the basis or groundwork of the tax, and was available to the plaintiff as a defense to the tax deed without the deposit. *Philleo v. Hiles*, 42 Wis., 527. The deposit was therefore entirely voluntary.

We think the redemptions also were voluntary. When made, there was no process by which payment of the taxes could be enforced. The plaintiff was not liable to arrest, nor his goods to seizure therefor. If the certificates or deeds were apparent clouds upon his title to the land, he had a sure and easy remedy to remove such clouds without redeeming from the tax sales.

We have been referred to no case which holds that a person may recover back money paid on account of an invalid tax, under such circumstances. Neither are we aware of the existence of any rule of law which will sustain such a recovery. In *Marsh v. The Supervisors of St. Croix Co.*, 42 Wis., 355, the judgment went upon an entirely different principle. In that case "lands were sold to the county for the nonpayment of taxes assessed thereon, but to which they were not subject, and the owners purchased the outstanding certificates from the

assignee of the county, and also took quit-claim deeds from him of such of the lands as had been conveyed to him by tax deed." It was held that this was not a voluntary redemption of the land, and very clearly it was not. The plaintiffs recovered in the right of their assignor, and their recovery was limited to the amount which he might have recovered had the action been brought by him before he assigned. The transaction contains no element of a redemption or of payment of the taxes.

It is a matter of serious doubt whether this claim or demand is not one which should have been presented to the board of supervisors for allowance, under the statute. But, having disposed of the case on its merits, it is unnecessary to determine the question.

The order overruling the demurrer must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.