PARCHER and others vs. MARATHON COUNTY.

*April 25 — May 10, 1881.*

*Voluntary Payment?*

The payment of a demand under compulsion of legal process, accompanied by protest that the demand is illegal and that the payer intends to take measures to recover back the money paid, is not a voluntary payment; and to constitute compulsion of legal process it is not necessary that the officer have seized or be *immediately* about to seize property of the payer by virtue of the process, but it is sufficient if he demands payment by virtue thereof and manifests an intention to enforce collection by seizure and sale of the payer's property at any time.

APPEAL from the Circuit Court for *Marathon* County.

This action was brought to recover back the amount of a tax assessed upon the personal property of the plaintiffs in the year 1877, in the city of Wausau, which the plaintiffs allege they paid by compulsion and under protest. It was admitted on the trial, by the defendant county, that the tax was illegal. It appears that the treasurer of Wausau demanded the amount of such tax from the plaintiffs, who refused to pay it on the ground that it was illegal and void. The city treasurer returned the tax as delinquent to the county treasurer of Marathon county, who afterwards issued his warrant to the sheriff to collect the same pursuant to the statute. It is alleged in the complaint that "the said sheriff did present said warrant for the collection of said personal-property tax, for the year 1877, to these plaintiffs, and demanded payment thereon, but that these plaintiffs refused to pay the same for the reason that the same was illegal and void; that said sheriff threatened to levy upon the personal property of these plaintiffs, and advertise and sell the same to satisfy said personal-property tax, whereupon, to save said personal property from sale, and under compulsion and protest, they paid the sheriff the amount of said tax, together with interest and his costs, and took his receipt therefor; but that they notified said sheriff that they

considered said tax illegal and void, and that they should attempt to recover the same." It is further alleged that the sheriff paid the amount of the taxes so paid by plaintiffs, into the county treasury for the use of the county. The substance of the answer is, that the plaintiffs, with full knowledge of all the facts which invalidated the tax levy, voluntarily paid the sheriff the amount of taxes so assessed against them. A trial of the action resulted in a verdict and judgment for the defendant; and plaintiffs appealed from the judgment.

The case is further stated in the opinion.

For the appellants there was a brief by *James & Crosby*, and oral argument by *Mr. Crosby*.

*C. F. Eldred*, for the respondent.

Lyon, J. It is not denied that the complaint states a cause of action. The testimony given on the trial tended to prove all the material averments in the complaint, and was undoubtedly sufficient to support a verdict for the plaintiffs had the jury found for them. The only question litigated on the trial was, whether or not the plaintiffs paid the illegal tax voluntarily. On this question, after submitting to the jury the question whether the payment was made by them with the view of preventing a levy upon and seizure of their goods, with an instruction that if made for that purpose the plaintiffs should recover, the learned circuit judge further instructed the jury as follows: "It is not enough that an officer gets a warrant in his hand and notifies all tax-payers, 'The amount of this tax must be paid, or I will enforce the collection by levy.' That is not enough. It must be a present purpose, an intent, of levying — of taking the goods then and there; not that he will do so in the course of some future days, but that he intends to levy, and having that intention and purpose, and warrant of authority to do it, the party pays to prevent his goods being seized; — if he does it under such circumstances it is compulsory payment. If it is not under such circum-

stances, it is what the law calls a voluntary payment. However the man may squirm about the tax, it is called a voluntary payment, and he cannot recover it back. A threat to levy, to levy now at the time, and with the purpose to take the goods then and there, and the 'money paid then and there to prevent the act, is what is meant by compulsory payment in the law; and a person who pays that way, the tax being illegal, can recover it back; not otherwise."

In *Van Buren v. Downing*, 41 Wis., 122, this court had occasion to consider the question of the liability of an officer or agent to refund an illegal tax or duty collected by him and paid over to his principal. The defendant in that case was an assistant treasury agent, and as such collected of the plaintiff a license fee imposed by a statute afterwards adjudged invalid, and paid the fee into the state treasury. The action was to recover back the sum so paid. Because .the plaintiff did not pay the fee under protest, or deny his liability therefor, or notify the agent of his intention to bring suit to recover it back, we held the payment voluntary, and that the agent was not liable after he had paid the money into the treasury in good faith. The cases cited in the opinion abundantly show that the rule of the liability of officers or agents in such cases is correctly stated in *Erskine v. Van Arsdale*, 15 Wall., 75. That was an action against a collector of internal revenue to recover the amount of an illegal tax assessed against and paid by Van Arsdale. This is the rule laid down by the court: "Taxes illegally assessed and paid may always be recovered back if the collector understands from the payer that the taxes are regarded as illegal, and that suit will be instituted to compel the refunding of them." Judge Cooley, in his treatise on the Law of Taxation, says that "all payments of taxes are supposed to be voluntary which are not made under protest or under the apparent compulsion of legal process," and that "when a protest is relied upon, nothing very formal is requisite." Page 548. He also quotes approvingly the rule laid

down by the supreme court of the United States in *Erskine v. Van Arsdale, supra.*

Such is the rule in an action against the officer or agent to whom the money was paid in the first instance. Certainly no stronger rule prevails in favor of the principal after the money has been paid over by such officer or agent. Indeed, there are authorities to the effect that the rule is more favorable to the plaintiff in the latter case than when the action is against the officer or agent. This distinction is mentioned in *Atwell v. Zeluff*, 26 Mich., 118. We need not discuss this distinction. We prefer to consider this case on the theory that to entitle the plaintiff to recover against the county he must make as strong a case as he would be required to make were his action against the sheriff. *Atwell v. Zeluff* is an instructive case on the general question of what are and what are not voluntary payments. The rule is there stated as follows: "Where an officer demands a sum of money under a warrant directing him to enforce it, the party of whom he demands it may fairly assume that, if he seeks to act under the process at all, he will make it effectual. The demand itself is equivalent to a service of the writ on the person. Any payment is to be regarded as involuntary which is made under a claim involving the use of force as an alternative, as the party of whom it is demanded cannot be compelled or expected to await actual force, and cannot be held to expect that an officer will desist after once making demand. The exhibition of a warrant directing forcible proceedings, and the receipt of money thereon, will be in such case equivalent to actual compulsion." We do not say that we would assent to that rule as broadly as there stated. Perhaps a protest, at least, should be required, especially if the action be brought against the officer or agent after he has paid over to his principal the money illegally collected. The opinion in the Michigan case recognizes the hardship of the rule, and suggests a modification of it by the legislature.

But whether the rule of the Michigan case is or is not cor-

rect, we think it must be held, on principle and authority, that the payment of a demand under compulsion of legal process, such payment being accompanied by a protest that the demand is illegal and that the payer intends to take measures to recover back the money paid, is not a voluntary payment. And further, to constitute compulsion of legal process it is not essential that the officer has seized, or is *immediately* about to seize, the property of the payer by virtue of his process. It is sufficient if the officer demands payment by virtue thereof, and manifests an intention to enforce collection by seizure and sale of the payer's property at any time. On the general question we are considering, numerous authorities are cited in Cooley on Taxation, in the notes on pages 568–571. The case of *Powell v. Sup'rs of St. Croix Co.*, 46 Wis., 210, is an illustration of what constitutes a voluntary payment. It follows, from the views above expressed, that when the learned circuit judge instructed the jury that unless, when the tax was paid, the sheriff had the present intention and purpose to seize the plaintiffs' goods *then and there*, the plaintiffs could not recover, and that an intention to seize at a future day was not sufficient, he laid down a limitation of the liability of the defendant which the law does not sanction.

For this error the judgment must be reversed, and the cause remanded for a new trial.

*By the Court.*—So ordered.