ROEHL, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*December 11, 1909—January 11, 1910.*

(1) *Taxation: Payment under protest.* (2, 3) *Taking of land for highway: Failure to record final resolution: Nullity of proceedings: Statute construed.*

1. Payment of a special assessment under protest, upon refusal of the tax collector to receive other taxes assessed against the same property unless this special tax were also paid, is not a voluntary payment.

2. The provision in sec. 3187a, Stats. (1898), relating to proceedings to take land for highways, that a "resolution or order made by any such body, whereby any land shall be taken or affected without an application having been made therefor, shall have no effect and shall not be notice to any subsequent purchaser or incumbrancer unless such resolution or order be recorded," refers to the "final resolution or order . . . giving a full and accurate description of the land affected thereby, and accompanied with a map showing the location thereof," mentioned in the preceding part of the section. Such a proceeding is void, therefore, where the only thing recorded was a resolution of a common council declaring the necessity for the widening of a street.

3. The nullity of the proceedings resulting from failure to record the final resolution or order under sec. 3187a, Stats. (1898), is not limited to "subsequent purchasers or incumbrancers."

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

In 1885 the plaintiff became the owner and he has since occupied a parcel of land having a frontage of 132 feet on both Miller and Concordia avenues in the city of *Milwaukee.* In 1901 Island avenue was a public street, thirty feet wide, between Miller and Concordia avenues. Lying between the land of the plaintiff and Island avenue was a strip of land ten feet wide and 629.34 feet long owned by C. E. Walworth. On January 14, 1901, a resolution, approved by the aldermen from the ward, reciting that it was "necessary for the public interest without unnecessary delay to open, widen, and extend Island avenue from Concordia avenue to Miller avenue," and that it would "be necessary to take for the public use certain lands" in the Twenty-first ward, was adopted by the common council. The resolution states that the reason why it was necessary to make the contemplated improvements was that the facilities for water and sewer service and for travel were inadequate and insufficient for the public use. No petition had been filed requesting the improvements, and the common council acted on its own initiative. On February 11, 1901, the city engineer was directed by a resolution "to make and file with the city clerk an accurate survey and plat of the pro-

posed change and improvement and of the lands proposed to be taken therefor, defining separately each parcel, and indicating upon such plat the location of any improvements upon said premises." On March 11, 1901, a resolution was adopted by the common council reciting that the plat and survey had been returned by the city clerk to the common council and directing him to give notice that the city attorney would apply for the selection of a jury to view the premises and to determine whether it was necessary to take them. It was proposed to take the whole of the ten-foot Walworth strip and a strip of plaintiff's land twenty feet wide, running from Miller avenue to Concordia avenue. The notices were given and a jury was selected. They viewed the premises and reported that public necessity required the taking of the lands as proposed. June 17, 1901, a resolution was adopted approving the report of the jury and directing the board of public works within ninety days to view the premises, to assess the benefits and damages caused by taking the lands required, and to make report to the common council.

Under date of October 18, 1901, the board of public works reported that on September 26, 1901, they had viewed the premises and made an assessment of the benefits and damages occasioned by the proposed improvements. The damages to C. E. Walworth were assessed at $800 without any benefits; the damages to the plaintiff were assessed at $1,600 and the benefits at $1,950; other lands were assessed as benefited to the extent of $547.70. Expenses of $97.70 were included in the report as part of the damages which were to be paid as benefits arising out of the improvements. The resolution of January 14, 1901, was filed in the office of the register of deeds. On January 29, 1902, the plaintiff paid the $350, the excess of the benefits over damages to his property caused by the improvement, which was assessed with other taxes in the tax roll against his property. The plaintiff protested against being compelled to pay this amount, but on the refusal of the

collector to receive the other taxes assessed against his land with this sum unless this amount were also paid, he paid this amount under protest.

The complaint asks that the defendant be enjoined from entering upon plaintiff's premises or from doing any work thereon for the purpose of opening Island avenue, that all the proceedings taken by the common council and the board of public works with reference to opening Island avenue be declared void, and that the plaintiff recover back the $350 paid by him.

The court found, in addition to the facts above stated, that the assessment of damages for the taking of the Walworth strip was excessive and that it was not worth more than $200, that the damages assessed to the plaintiff were not adequate, and that the assessment of benefits was excessive. On the grounds that the entire proceedings were illegal and void because of the failure of the defendant to file a plat or map giving a description of the lands proposed to be taken for the proposed improvement, because the assessment was not made within ninety days after the resolution was adopted, as was provided in the resolution, and because of the unfairness of the assessment as regards the plaintiff, the court ordered judgment as prayed for in the complaint. This is an appeal from the judgment.

For the appellant the cause was submitted on the briefs of *John T. Kelly,* city attorney, and *Benjamin Poss,* special assistant city attorney.

*F. C. Eschweiler,* for the respondent.

SIEBECKER, J. The judgment for the recovery of the amount assessed against the plaintiff as the excess of benefits over the damages awarded in the proceedings is assailed upon the ground that he voluntarily paid it. It appears that plaintiff protested against payment of this sum, but that such payment was demanded as a condition of receiving payment of

other taxes due from him. The plaintiff manifestly under-
stood that the refusal to pay this assessment would, under
the condition imposed by the collector, result in a sale of his
property for a default in the payment of his taxes. The con-
dition thus confronting him evidently coerced him into the
payment of this sum. Under the circumstances it was not a
voluntary payment within the rule of *Parcher v. Marathon
Co.* 52 Wis. 388, 9 N. W. 23.

The proceedings for the taking of plaintiff's land are as-
sailed as wholly void upon the ground that the city omitted to
comply with the provisions of sec. 3187a, Stats. (1898).
The provisions of this section apply to the proceedings under
which the city attempted to take plaintiff's property for the
improvement of Island avenue. The resolution of the com-
mon council declaring the necessity for the widening of this
street is the only proceeding recorded with the register of
deeds of the county. This is, however, not sufficient to meet
the requirements of the statute. It is to be noted that this
resolution fails to comply with the statute in the material par-
ticulars that it fails to give a full and accurate description of
the land affected thereby and it is not accompanied by a map
showing the location thereof. The statute provides that a
"resolution . . . made by any such body, whereby any land
shall be taken or affected without an application having been
made therefor, shall have no effect and shall not be notice to
any subsequent purchaser or incumbrancer unless such reso-
lution . . . be recorded." Sec. 3187a, Stats. (1898). It
was decided in *Svennes v. West Salem,* 114 Wis. 650, 91 N.
W. 121, that the requirement "be recorded" meant recorded
in the office of the register of deeds. It is evident that the
part of the statute just quoted refers back to the part immedi-
ately preceding it, and that the reference to a "resolution or
order," whereby land shall be taken or affected, embraces the
resolutions or orders specified in the preceding sentence,
namely, a "final resolution or order." It therefore follows

that unless the final resolution whereby land is to be taken is recorded it will have no effect.    No such resolution was recorded in the office of the register of deeds, and under the provisions of the statute the proceedings are of no effect, for the statute renders all proceedings void unless a final resolution, "giving a full and accurate description of the land affected thereby, and accompanied with a map showing the location thereof, be recorded in the office of the register of deeds of the county in which the lands are situated."    The failure to comply with this requirement of the statute nullifies the proceedings.

It is argued that the effect of the statute should be limited to "subsequent purchasers or incumbrancers."    Such an interpretation would, in our judgment, be contrary to the intent of the legislature and contradict the plain meaning of the act.

Under the circumstances the plaintiff had the right to restrain the city from taking his land, and to recover the sum of money he had been forced to pay the city because of the illegal proceedings.

*By the Court.*—Judgment affirmed.