WELCH, Respondent, vs. CITY OF OCONOMOWOC, Appellant.

*October 10—November 7, 1928.*

*Alvin G. Brendemuehl* of Oconomowoc, for the appellant.

For the respondent there was a brief by *Frame & Blackstone* of Waukesha, and oral argument by *Harvey J. Frame*.

The following opinion was filed November 7, 1928:

STEVENS, J.   (1) The case presents the question whether the special assessment was invalid because based on the assessed valuation of property abutting on the ornamental lighting system, rather than upon the benefits conferred.

Sub. (16) (e) of sec. 66.06 of the Statutes of 1923, under which this assessment was made, provided: "The costs apportioned to the abutting owners shall be assessed to them, respectively, in the ratio of each property's assessed valuation on the street or part thereof covered by said petition."

The amount of the assessment here in question was determined by dividing the entire cost of the improvement by the total assessed valuation of property adjacent to the ornamental lighting system and then multiplying that resulting figure by the assessed valuation of plaintiff's property against which the special assessment was levied, in strict accord with the provisions of the statute quoted above.

No member of the board of public works testified at the trial. The record is barren of any proof that the assessment levied represented the benefits conferred on the property assessed. A special assessment based on frontage might come much nearer compliance with the rule that such assessment must be based upon benefits conferred than does this one based upon the assessed valuation of the property. But the fact that an assessment is based upon frontage is a circumstance so significant as to arouse suspicion. "It is not enough for the board to *say* that they viewed the premises and exercised their judgment, if the *facts* negative that assertion." *Kersten v. Milwaukee,* 106 Wis. 200, 204, 81 N. W. 948, 1103. Here the facts cry out loudly against any finding that the board did actually base the assessment on the benefits conferred.

Sub. (16) of sec. 66.06 of the Statutes was repealed by sec. 6 of ch. 385 of the Laws of 1925, after the assessment in question was made. We cannot escape the conclusion that this statute was invalid and gave the city no power to levy the assessment here in question. Regardless of the question whether this assessment was based upon a consideration of benefits, the statute cannot be upheld because it authorizes "an assessment upon a basis other than that of benefits. In other words, if the language of the statute be such as to show an intention to grant power to levy either an arbitrary assessment or an assessment which might appear just to the board, but which is in fact not based upon benefits, then such statute necessarily contravenes the constitutional provision . . . and is void, and any proceedings thereunder are

invalid to the same extent as though no statute on the subject had in fact been passed." *Milwaukee E. R. & L. Co. v. Shorewood,* 181 Wis. 312, 315, 316, 193 N. W. 94.

(2) The assessments cannot be sustained as an exercise of the police power, even if we assume that street lights are as essential to public safety as are sidewalks, which may be installed at the expense of the abutting property without considering whether the lotowner is benefited or damaged by the construction of such sidewalks. *Eiermann v. Milwaukee,* 142 Wis. 606, 609, 126 N. W. 53. These streets were so lighted as to provide for the safety of the public before this ornamental lighting system was installed, so that it was not necessary to install this new system to provide for the safety of the public. Moreover, the cost was apportioned according to the assessed valuation and not according to the expense incident to the installation of the lighting system in front of plaintiff's property, which would be the basis of the assessment if the system was installed under the police power.

(3) The assessment cannot be sustained under the provisions of sec. 62.16 of the Statutes which relate to the improvement and repair of streets, because no attempt was made to assess the cost according to benefits conferred by the improvement.

(4) The plaintiff is not estopped to question the validity of the assessment because of the fact that he did not prevent the installation of the lighting system of which he now has the benefit. The plaintiff and other property owners affected appeared before the city council in person and by attorney to protest against the levying of the assessment on different occasions before the work was done. Under such circumstances the failure to take steps to stop the progress of the work does not estop plaintiff from questioning the validity of this assessment. Unlike the cases relied upon by the appellant city, the plaintiff did not keep silent until large sums of money had been invested in an improvement that

was of lasting benefit to his property and which could not be removed. Here he protested before the work was begun.

(5) Plaintiff's right to maintain an action to set aside these assessments is not barred by either sub. (3) (a) of sec. 62.20 of the Statutes of 1923 or sub. (3) (a) of sec. 62.20 of the Statutes of 1927, which provide that, after the expiration of a period which had passed before this action was begun, the improvement certificate issued after the work was completed "shall be conclusive evidence of the legality of all proceedings." In order to come within the provisions of these statutes of limitation the entire proceeding must be based upon a valid statutory provision. "Mere delay in the bringing of plaintiff's action cannot validate a void assessment under a statute declared unconstitutional." *Milwaukee E. R. & L. Co. v. Shorewood,* 181 Wis. 312, 321, 193 N. W. 94.

(6) The plaintiff was not obliged to resort to an appeal from the assessment here in question. Sub. (16) of sec. 66.06 of the Statutes of 1923 does not provide for such an appeal. If it did, such provision would be of no force and effect, for it would fall with the rest of this invalid act.

(7) The fact that the plaintiff did not file a claim for refund of the amount of the invalid assessment prior to the commencement of this action does not bar relief. After the action was begun, the claim was filed and disallowed, and the complaint amended to allege these facts. The purpose of these statutes requiring all claims against cities to be filed before they are made the basis of an action was to give the city an opportunity to adjust the claim without the expense of litigation, if it so desired. That purpose was fully accomplished in this case. It was not necessary to dismiss this action and begin a new action. These facts could be alleged by an amendment to the complaint.

(8) The plaintiff paid this special assessment under protest at the time he paid his general taxes and received a receipt stating that this ornamental lighting assessment was

"paid under protest." This was not a voluntary payment which bars recovery.

The rule formerly prevailed in Wisconsin that a mere payment of taxes under protest was not sufficient; that to entitle one to recover taxes paid under protest it must appear that the tax collector had done more than to merely notify the taxpayer that the tax roll is in his possession for collection, as was done in the case at bar. Earlier cases held that there must be proof of a present purpose, coupled with the power of levying upon and taking the property of the taxpayer unless the tax is paid. *Powell v. St. Croix County,* 46 Wis. 210, 213, 50 N. W. 1013; *Parcher v. Marathon County,* 52 Wis. 388, 392, 9 N. W. 23.

The rule of these earlier cases was changed by ch. 88 of the Laws of 1870, which is now sec. 74.73 of the Statutes. Under this statute it is no longer necessary for a taxpayer to await duress by a present threat to take his property in satisfaction of a tax before he can protect his rights by paying under protest. In an action in which the taxpayer had permitted his property to be taken by the tax collector and then sought to test the validity of the tax by replevin, this court said that sec. 1164 (now sec. 74.73) of the Statutes "gives a complete and adequate remedy, which should be resorted to. A person circumstanced as plaintiffs were should pay under protest, and thereby recover his property; then test the legality and justice of the tax, in an action to recover back the money. That remedy is provided to fit just such cases, and is exclusive. It is only by taking away the remedy of replevin, and substituting for it an action to recover back the tax after payment under protest, that municipalities can be effectually protected from constant obstructions that would otherwise delay or prevent the collection of public revenue." *Keystone L. Co. v. Pederson,* 93 Wis. 466, 470, 67 N. W. 696. "The legislature has prescribed the remedy of the taxpayer who is compelled to pay a tax which is

claimed by him to be unlawful. Under sec. 74.73 of the Statutes it is the duty of the taxpayer questioning the tax to pay the same under protest and then file a claim for a refund with the municipality to which the tax is paid." *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 461, 216 N. W. 144.

While sec. 74.73 of the Statutes was passed before the time when *Powell v. St. Croix County,* 46 Wis. 210, 213, 50 N. W. 1013, and *Parcher v. Marathon County,* 52 Wis. 388, 392, 9 N. W. 23, were decided, this statute was not referred to in the decision of those cases. It was apparently overlooked by both court and counsel.

(9) The taxation of costs was erroneous. This was an equitable action in which a judgment was entered setting aside the special assessment. The question whether costs should be awarded was one which rested in the sound discretion of the trial court. But that court, instead of exercising its discretion, proceeded on the erroneous theory that this was a legal action in which costs were limited by statute to $15, because the amount recovered was less than $100.

We see no reason why the plaintiff, who was obliged to conduct expensive litigation in order to determine the validity of an illegal assessment, should not be awarded full statutory costs by a court of equity even if the amount recovered was less than $100. But the plaintiff did not ask a review of the taxation of costs. He frankly states that he is not greatly concerned over this matter. In view of the fact that this is a case in which this court believes that full costs should have been taxed, the city has not been prejudiced by the erroneous taxation of costs.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 23, 1929.