DUSEK, Appellant, v. PIERCE COUNTY, Respondent: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant: TOWN OF CLIFTON, Impleaded Defendant.

*No. 225. Argued April 2, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 246.)

502

For the appellant there was a brief by *Gaylord & Lindsay* of River Falls, and oral argument by *R. W. Lindsay*.

For the respondent there was a brief by *Robert J. Richardson*, district attorney of Pierce county, attorney, and *John W. Fetzner* and *Gwin, Fetzner, Richards & Skow* of counsel, all of Hudson, and oral argument by *Mr. Richardson* and *Mr. John W. Fetzner*.

HEFFERNAN, J. On this appeal the plaintiff agrees that the trial judge would be correct if the action were in fact brought under sec. 81.15, Stats., which governs the bringing of actions against municipalities by reason of the "insufficiency" or "want of repair" of any highway which the town was bound to keep in repair. He acknowledges that the statute in that event requires actual written notice.

Plaintiff bases his argument on this court's decision in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, which abrogated the doctrine of municipal immunity. He points out that sec. 81.15, Stats., was a statutory exception to the immunity doctrine. He concedes that the plaintiff who brings a suit for highway defects that could be brought under only sec. 81.15 prior to *Holytz* is bound by the pre-*Holytz* procedural requirements of notice. He contends that sec. 895.43 was passed subsequent to *Holytz* and in response to it, and that this statute is applicable to acts of negligence by a municipality that are not embraced within the terms, "insufficiency," and "want of repair," and, as to those causes of action made viable by *Holytz,* a plaintiff is not barred by failure to give written notice, provided the defendant has actual notice and has not been prejudiced by the plaintiff's failure. Plaintiff contends that his second cause of action is based upon negligence made viable by *Holytz* and not contemplated by sec. 81.15.

Prior to *Holytz*, plaintiffs attempted to fit their fact situations to the terms of sec. 81.15, Stats., to avoid the general proscription of municipal immunity. Since *Holytz*, plaintiffs have attempted to avoid limitations of sec. 81.15, since, by so doing, they avoid the slightly more rigorous notice requirements. Accordingly, very different policy factors are now urged in discussing the applicability of sec. 81.15 than were urged in the pre-*Holytz* days.

The plaintiff on this appeal contends that a municipality may have liability for negligence in regard to highways that is broader in scope than the municipality's liability under sec. 81.15, Stats. As to the municipality's responsibility for negligence not covered by sec. 81.15, it contends that actual notice is sufficient. This court, of course, has decided that highway insufficiency and defect exception to pre-*Holytz* immunity did not cover all of the circumstances under which a municipal corporation can now be found liable for highway-connected negligence. We said in *Stippich v. Milwaukee* (1967), 34 Wis. 2d 260, 266, 267, 149 N. W. 2d 618:

"We think the common-law duty embraces a somewhat larger area of what constituted an unsafe condition than that covered by the language of sec. 81.15. Of course, *Holytz* does not determine what constitutes negligence in this area; that is left to case law. While what affirmatively has been held to be a defect or an insufficiency or a want of repair under sec. 81.15 constitutes common-law negligence, the converse is not necessarily true."

We have no difficulty in agreeing with the plaintiff's contention that a municipality may be guilty of negligence in connection with highways where the procedure is governed by sec. 895.43, Stats., rather than sec. 81.15, and that actual notice will permit the plaintiff's bringing suit. It seems equally clear from the affidavits that the negligence complained about does not arise from an "insufficiency" or "want of repair" of the highway as contemplated by sec. 81.15.

The accident occurred, according to the undisputed facts, not because the highway was insufficient or because it was out of repair, but because the county failed to erect a sign warning not of a hazardous highway condition but of the likelihood of approaching traffic on the intersecting road.

In regard to the safety of the road, the undisputed facts, as revealed by the affidavits, indicate that the road itself is perfectly safe from a structural and construction point of view, and there is no allegation, such as we have had in some cases, that the roadbed was too soft, that it was constructed too close to a precipice, or that there were inadequate guardrails. Rather, whatever lack of safety exists comes from the municipality's failure to recognize the hazards of increased traffic and its failure to warn users of the intersecting highways of the hazards of that traffic.

It is thus apparent that the facts reveal evidence of negligence only in the failure to erect proper signs. It seems clear that this is a type of negligence not contemplated under sec. 81.15, Stats. In *Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 130 N. W. 2d 835, this court accepted the plaintiff's assertion that the duty to maintain signs already erected was not the allegation of a highway defect, but was rather actionable under other forms of negligence for which a municipality could be liable subsequent to *Holytz*.

We thus conclude that the plaintiff is not barred by failure to file a written notice under these circumstances. However, in the assessment of this case, even assuming *arguendo* that actual notice was sufficient, the dispositive issue is whether the failure to erect signs constitutes negligence on the part of the county. In *Holytz* we pointed out that imposing the general rule of liability to negligence upon municipalities did not abrogate the rules of immunity for conduct that is within the realm of legislative or judicial discretion. Although in *Firkus v. Rombalski, supra,* we held that it was negligent for a

municipality to fail to replace a warning sign that had been in existence, we found the negligence to be similar to the doctrine of equitable estoppel. We particularly stated, *Firkus, supra,* page 358:

"The town had no affirmative duty to erect the sign in the first instance, but having done so it was incumbent upon it to properly maintain the sign as a safety precaution to the traveling public which has the right to rely on its presence."

Prior to the *Firkus Case,* the case of *Loehe v. Fox Point* (1948), 253 Wis. 375, 34 N. W. 2d 126, pointed out that a municipality had no duty to give warning of a sharp turn in the road. In the recent case of *Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 151 N. W. 2d 129, we pointed out that the decision, right or wrong, of a city in programming its traffic-signal sequence was not actionable negligence because such programming was in the exercise of a legislative function.

It is apparent from a review of these cases that whether or not to place a stop sign, a warning sign, or a yield sign at the approach to a county trunk highway is a legislative decision that must be undertaken by the county board and not by the courts. At the most, what the plaintiff spells out herein is the county's failure to exercise the legislative function. Although there is a duty, as spelled out in *Firkus,* to maintain signs once they are placed, there is no duty upon the legislative body of a government to place them at a highway intersection in the first place.

Accordingly, we conclude, under the facts, which insofar as they are material to this appeal are undisputed, that as a matter of law there is no duty imposed upon the county to erect signs warning of the approach of oncoming traffic.

*By the Court.*—Judgment affirmed.