SCHWARTZ and husband, Respondents, v. CITY OF MILWAUKEE, Appellant.

*No. 275. Argued May 8, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 107.)

For the appellant there was a brief by *John J. Fleming,* city attorney, and *Herbert F. Sonnenberg,* assistant city attorney, and oral argument by *Mr. Sonnenberg.*

For the respondents there was a brief by *Michael, Best & Friedrich,* attorneys, and *Lee J. Geronime* of counsel, all of Milwaukee, and oral argument by *Mr. Geronime.*

HALLOWS, C. J. The plaintiffs argue they have alleged four causes of action, two for Mrs. Schwartz, one under sec. 81.15, Stats.,[1] relating to highway defects,

---

[1] "81.15 Damages caused by highway defects; liability of town and county. If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village . . . No such action shall be maintained unless within 120 days after the happening of the event causing such damages, . . . The amount recoverable by any person for any damages so sustained shall in no case exceed $25,000."

and the other under sec. 895.43,[2] relating to general tort liability of a municipality; and similar actions for Mr. Schwartz to recover the medical expenses. The city does not challenge the sufficiency of the allegations under either of these sections but argues sec. 81.15 is more specific and applies only to highways and therefore preempts the field in that respect and therefore sec. 895.43 is not applicable to the facts alleged. Under this theory, only one cause of action is stated for Mrs. Schwartz, which would have a limitation on recovery of $25,000 as provided in these sections. It is also argued by the city that Mr. Schwartz' right to recovery is derivative and does not constitute a separate cause of action and consequently the limit of $25,000 includes his damages as well as those of Mrs. Schwartz.

The city asks us to determine on demurrer whether the complaint states one, two or four causes of action, but the answer to that question is not necessarily compelled by the function of a demurrer. If a cause of action is stated in a complaint, although it may be combined with other allegations not constituting a separate cause of action, the demurrer must be overruled. We point out, again, as we did in *Dusek v. Pierce County* (1969), 42 Wis. 2d 498, 167 N. W. 2d 246, and in *Stippich v. Milwaukee* (1967), 34 Wis. 2d 260, 149 N. W. 2d 618, that sec. 81.15, Stats., only applies to a small area of neg-

---

[2] "**895.43 Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.** (1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any . . . governmental subdivision or agency thereof nor against any . . . agent or employe of such . . . subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of . . .

"(2) The amount recoverable by any person for any damages, injuries or death in any action founded on tort . . . shall not exceed $25,000. No punitive damages shall be allowed or recoverable in any such action."

ligent conduct by a municipality and in this area does not necessarily cover all the negligence which might relate to highways. One may have negligence on the part of a city in respect to a public highway which does not amount to a defect or a want of repair as those terms have been heretofore construed by this court in considering sec. 81.15. Hence, sec. 81.15 does not preempt all causes of action relating to highways. In *Dusek* we held the allegations of the failure to erect a road sign constituted negligence although not actionable, and not a defect or want of repair under sec. 81.15. In *Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 130 N. W. 2d 835, we held the failure to replace an arterial sign was actionable negligence and we did not refer to sec. 81.15.

Neither sec. 81.15 nor sec. 895.43 create liability but rather provide the procedure to prosecute a claim for negligence. If the city is negligent, one or the other of the sections must be followed depending upon the type of negligence involved. It may be in a case some of the acts of negligence may result in a defect or want of repair of a highway and other acts constitute general negligence, but the acts taken together constitute only one cause of action. In any event, acts of negligence cannot be fragmentized into two recoverable causes of action in negligence for the same injury, although it might be necessary to comply with both sections to avoid the risk of making a choice. *See Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 135 N. W. 2d 284. Apparently a material difference in these sections is the fact that sec. 895.43 makes provision for actual notice while sec. 81.15 does not. This point, however, is not involved in the instant case. A lot of confusion in the practice would be avoided if the legislature would repeal sec. 81.15, which is no longer needed since our decision in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, and the amendment to sec. 895.43.

The complaint states a cause of action if the plaintiffs have complied with sec. 62.25, Stats.,[3] requiring the making of a claim against the city. The city argues no claim was filed and if what was filed constitutes a claim it was not timely in reference to the commencement of this action. On April 27, 1966, what was designated a "Notice of Claim" presumably under sec. 895.43, was served on the city. This document did not constitute a notice of claim but rather a notice of injury. On July 20, 1966, another "Notice of Claim," but in fact a notice of injury under sec. 81.15, was served upon the city. Both of these notices were rejected by the city and neither could be considered a notice of claim because they stated no amount for the injuries. While this suit was pending, the plaintiffs filed notices of claim with the city in order to comply with sec. 62.25, demanding $50,150 for Mrs. Schwartz and $25,000 for Mr. Schwartz. These claims were based on the four causes of action claimed to be vested in the plaintiffs. The claims were denied by the city and an amended complaint was then

---

[3] Sec. 62.25, Stats., provides in part: "(1) CLAIMS. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance."

Sec. 62.03, Stats., provides: "(1) The provisions of chapter 62 of the statutes shall not apply to cities of the first class under special charter.

"(2) Any such city may adopt by ordinance the provisions of chapter 62 of the statutes or any section or sections thereof, which when so adopted shall apply to such city."

Charter Ordinance No. 102 of the city of Milwaukee adopted sec. 62.25 (1) on July 5, 1938. *See* Milwaukee City Charter, Annotated 1934, Supplement, p. 68. In *State ex rel. Cities Service Oil Co. v. Board of Appeals* (1963), 21 Wis. 2d 516, 124 N. W. 2d 809, this court held that where a city of the first class adopts a provision of ch. 62 by sec. 62.03, all the subsequent amendments are also included. Since the city of Milwaukee has elected to adopt sec. 62.25 (1), the plaintiffs had to comply with it.

filed in this action which alleged the serving of the claims and the denials. The amended complaint was substituted for the original complaint by court order.

In *Colburn v. Ozaukee County* (1968), 39 Wis. 2d 231, 159 N. W. 2d 33, we explained that both secs. 81.15 and 895.43, Stats., required a notice of injury. Both sections now require notice be given within 120 days of the alleged accident and limit liability to $25,000. In addition, other statutes require a notice of claim, *i.e.*, sec. 62.25, in respect to cities. Judging from the cases which come before this court, it is not generally understood that both a notice of injury and a notice of claim must be given. If a notice of claim is used to serve both purposes, then all the requirements including the time limit of both sections must be complied with.

The city argues the notices of claim were invalid and did not constitute a notice of claim within the meaning of sec. 62.25 because they were in excess of the $25,000 limit. There is no merit in this argument. The city misconstrues *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 145 N. W. 2d 705, wherein this court held a claim which "would not exceed the $25,000 statutory limitation" was not a claim but a notice of injury under sec. 895.43. While a notice of claim must claim a definite amount, the fact that amount exceeds the maximum the city may allow under the statute does not render the claim invalid. In sec. 81.15 it is provided "the amount recoverable . . . shall in no case exceed $25,000," and in sec. 895.43 it is provided "the amount recoverable . . . shall not exceed $25,000." These statutes do not provide that a claim in excess of $25,000 must be stated at that limit or be void. It is the duty of the claimant to honestly state the amount of his claim whatever it is and it is the duty of the city to verify this amount and, if there is liability, to allow it not in excess of $25,000.

The city further contends this action was commenced prior to the filing of the claim under sec. 62.25, Stats.,

and therefore was premature and such defect cannot be cured by the filing of a claim during the pendency of the suit and then amending the complaint. Thus a question is presented whether sec. 62.25 is a condition precedent to the commencement of the action or only to its continuance so that recovery cannot be granted if the defect is brought to light by some pleading. If the language "No action shall be maintained against a city . . ." in sec. 62.25 means "commenced," then this complaint must fail.

A case on all fours with the instant case but which does not refer to sec. 62.25, Stats., is *Welch v. Oconomowoc* (1928), 197 Wis. 173, 221 N. W. 750, where an action was commenced against the city to recover money paid under an assessment without first filing a claim for a refund. While the action was pending the claim for refund was filed and disallowed and the complaint amended to allege the facts. The court held the purpose of the statute requiring all claims against a city to be filed before any are made a basis of action was satisfied because the city had the opportunity to adjust the claim. In *Maynard v. De Vries* (1937), 224 Wis. 224, 272 N. W. 27, the court refused to follow *Welch* and based its decision on sec. 59.76, Stats. (claim against county), which it stated was much stricter in its provisions than sec. 62.25.

In between these two decisions, this court decided *Sauk County v. Baraboo* (1933), 211 Wis. 428, 248 N. W. 418, wherein this court held Sauk county could not recover the cost of constructing a bridge from the city of Baraboo because the county had failed to file a claim. The decision stated sec. 62.25 (1), Stats., was similar to secs. 59.76 (1) and 59.77 (1) (a) and (b), relating to counties; secs. 60.36 and 60.33 (2), relating to towns; and sec. 61.51, relating to villages. While these sections all have generally the same purpose, the wording is not identical in respect to the precise issue

here involved. In sec. 59.76 (1), it is provided both that an action shall not be maintained and also shall not be brought without first filing a claim, while both secs. 62.25 and 60.36 provide only no action or cause of action shall be maintained without filing a claim.

The language used in the *Sauk County Case* must be read in the context that no claim had ever been filed and the fact that *Welch* was not cited. It may be the court did not think the case in point, because in *Welch* by the time the question of the failure to file a claim was raised by the plea in abatement, the claim had been filed and the complaint amended. The *Sauk County Case* was not cited in *Maynard v. De Vries* but it was again used in *Seifert v. School District* (1940), 235 Wis. 489, 292 N. W. 286. There, the plaintiff amended his complaint to allege the filing of a claim and its rejection, but the proof showed no claim had been filed either before or after the suit was started. On this state of facts, this court stated that sec. 62.25 (1) required the filing of a claim "as a condition precedent to the commencement of an action against a city."

The broad language of the *Sauk County* and *Seifert Cases* was limited in *Madison v. Frank Lloyd Wright Foundation* (1963), 20 Wis. 2d 361, 122 N. W. 2d 409, 20 A. L. R. 3d 545, and the section was held not to apply to equitable claims or demands for arbitration provided for in a contract. Other cases construing sec. 62.25, Stats., and using language to the effect the filing of a claim under that section is a condition precedent to the commencement or starting of a suit deal with a total failure to file a claim prior to the time the issue was raised in the action. *See Foreway Express, Inc. v. Hilbert* (1966), 32 Wis. 2d 371, 145 N. W. 2d 668. On the other side of the coin by analogy to sec. 81.15, which reads, "No action shall be maintained," we have held in *Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 151 N. W. 2d 129, in respect to the failure to allege the giving

of a notice within the prescribed 120 days that the giving of the notice was a condition precedent to "recovery," we did not say "commencement" of the suit, but "recovery."

On this state of the cases, we deem it necessary to clarify the interpretation of sec. 62.25, Stats., and we hold that the language "No action shall be maintained" does not mean "commenced." However, if the claim has not been filed and rejected at the time the issue is raised in the suit, which is commenced before the filing and rejection of the claim, the action shall be dismissed. In the instant case the condition precedent to recovery was complied with and the complaint amended before the issue was raised. We think this is sufficient for the plaintiffs to continue and to maintain the action against the city. As said in the *Welch Case*, this procedure substantially fulfills the purpose of sec. 62.25, Stats. The language to the contrary in the other cases cited herein is hereby qualified.

We do not decide whether Mr. Schwartz had a separate cause of action with a separate limitation from that of Mrs. Schwartz. This question is raised but very little help is given this court in the briefs. Since the resolution of this question is not necessary to sustain the order overruling the demurrer and the question is not adequately briefed, we decline to consider it at this time.

*By the Court.*—Order affirmed.