**FISHER CONTRACTING COMPANY, a foreign corporation, of the State of Michigan, Plaintiff,**

v.

**The HOUSING AUTHORITY OF the CITY OF PLYMOUTH, Plymouth, Wis., a Municipal Corporation, and the City of Plymouth, Plymouth, Wis., a Municipal Corporation, Defendants.**

**Civ. A. No. 68-C-405.**

United States District Court,
E. D. Wisconsin.

July 29, 1971.

David Rabinovitz, Sheboygan, Wis., for plaintiff.

G. D. Gaynor, Plymouth, Wis., and Paul L. Axel, Sheboygan, Wis., for defendant, The Housing Authority of the City of Plymouth.

Ronald W. Damp, City Atty., City of Plymouth, Plymouth, Wis., for defendant, City of Plymouth.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This action evolves out of a construction contract allegedly entered into between plaintiff and defendants. Plaintiff asserts diversity jurisdiction of this court under Title 28 U.S.C. § 1332, alleging that it is a Michigan corporation with its principal place of business and office in Michigan. Plaintiff further alleges $270,534.39 actual damages and $100,000 punitive damages. The defendant City of Plymouth has brought on a motion to dismiss claiming that (1) "no claim has at any time been presented to the Common Council of the City of Plymouth, or to its City Clerk, as required by [§ 62.25(1) (a) Wis.Stat. (1969)] * * *," and (2) that "No contract is alleged by the complaint to have been entered into by and between, nor does any contract exist by and between the City of Plymouth * * * and plaintiff * * *." Plaintiff op-

poses this motion on its merits and also moves to strike all pleadings of the defendant City of Plymouth because of the alleged unethical conduct of the attorney representing the City of Plymouth in this action.

Although in his brief to this court the attorney for the City may have been a little overzealous, I do not think, assuming a motion to strike would be proper in a case of unethical conduct, that the conduct in this case can be termed unethical. Accordingly, plaintiff's motion to strike must be denied.

Pursuant to Wis.Stat. § 62.25(1), "No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part." Plaintiff in his complaint alleges that a partial claim was made of someone in "That due demand has been made for the payment of said certificates plus interest in the sum of $63,-534.39, and no part of said sum has been paid to date," but has not attempted to refute affidavits of the city clerk and mayor, presented by defendant, to the effect that no claim has ever been presented to the city council or the city clerk. In the plaintiff's "Reply to Motion to Dismiss" and the two briefs in support of its position, plaintiff only argues that "As to paragraph 1, [of City of Plymouth's motion to dismiss] Section 62.25(1) (a) does not apply to the instant action and does not require that there first be presented to the common council a claim for damages as alleged in the complaint."

Under the law of Wisconsin, "if the [§ 62.25] claim has not been filed and rejected at the time the issue is raised in the suit, which is commenced before the filing and rejection of the claim, the action shall be dismissed." Schwartz v. Milwaukee, 43 Wis.2d 119, 128, 168 N.W.2d 107, 111 (1969). Dismissals under this rule should be "without prejudice in order to afford plaintiff the opportunity to comply with sec. 62.-25 * * *." Pattermann v. Whitewater, 32 Wis.2d 350, 360, 145 N.W.2d 705,

710 (1966). It is clear that a federal court having jurisdiction on diversity grounds must abide by this substantive rule of law. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L. Ed. 1524 (1949); Minneapolis, St. P. & S. S. M. R. Co. v. City of Fond du Lac, 297 F.2d 583 (7th Cir.1961).

■ Plaintiff argues that the instant action is an exception to § 62.25 in that (1) it is an action in equity, and (2) that the City has had "actual" notice. The Wisconsin courts have in a line of cases recognized an exception to the embracive "claim of any kind" language of § 62.25, holding that claims for equitable relief are not included. Hasslinger v. Village of Hartland, 234 Wis. 201, 205, 290 N.W. 647 (1940); Minneapolis, St. P. & S. S. M. R. Co. v. City of Fond du Lac, supra, 297 F.2d at 586. Plaintiff in this action seeks only money damages for an alleged breach of contract and perhaps for some alleged tortious interference with the construction work. Neither of these two causes of action are equitable ones and certainly the relief sought is solely legal as opposed to equitable. It is clear that contract and tort claims are included in the "claim of any kind" language of § 62.25. Schwartz v. Milwaukee, supra, and the cases cited therein. Likewise the claim set forth in plaintiff's complaint can in no way be termed "contingent" or "inchoate" and thus come under Minneapolis, St. P. & S. S. M. R. Co. v. City of Fond du Lac, supra, wherein it was held that a claim for contribution in a third party proceeding was not barred by a failure to file a § 62.25 claim.

■ Plaintiff's claim that "actual" notice as opposed to a formal § 62.25 claim will satisfy § 62.25 requirements is without merit in Wisconsin. As early as 1892, it was stated with regard to a statute similar to § 62.25:

> "It is quite immaterial that some of the city officers were at the place of injury immediately after the accident, and knew precisely where it occurred. The statute does not provide that such knowledge or any other extraneous

circumstance will dispense with the necessity of giving the prescribed notice. That must be given in every case coming within the terms of statute, or the right of action is gone." Sowle v. City of Tomah, 81 Wis. 349, 353, 51 N.W. 571, 572 (1892).

Similarly in Maynard v. De Vries, 224 Wis. 224, 272 N.W. 27 (1937), it was held that an unverified claim actually filed with the city was fatally defective because the law required a verified claim. The court accordingly dismissed the action. In Pattermann v. Whitewater, supra, 32 Wis.2d at 359, 145 N.W.2d at 709, it was held that a claim which did not make a demand for a specific sum of money could not be considered a "claim in the sense in which 'claim' is used in sec. 62.25." Accordingly, the action was dismissed without prejudice. To hold that "actual" notice suffices the § 62.25 requirements likewise would not square with Schwartz v. Milwaukee, supra. In that case it was held that if a § 62.25 claim was made *after* an action was commenced in court, then the action could be maintained, but if no § 62.25 claim was filed after the action was commenced in court, then the action could not be maintained. Once a complaint is served upon a city, clearly the city has "actual" notice of the claim. Therefore, if "actual" notice satisfied the § 62.25 requirement, the Wisconsin Supreme Court in *Schwartz* would not have found it necessary to make the distinction described above.

Wisconsin law, given the facts of this case, dictates but one conclusion: that the City of Plymouth must be dismissed without prejudice as a defendant in this case in that plaintiff has failed to comply with the requirements of § 62.25 of the Wisconsin Statutes. Given the conclusion which I have reached, it is not necessary to decide the merits of the City's second ground for dismissal.

Based upon the complaint, affidavits on file, and representations of counsel,

It is ordered that plaintiff's motion to strike the pleadings of the defendant

City of Plymouth be and it hereby is denied.

It is further ordered that defendant's motion for dismissal of the City of Plymouth as a defendant in this action be and it hereby is granted without prejudice to the plaintiff.