## Keen v. Schlegelmilch

*Barley, Snyder, Cooper & Barber,* for defendant. *Blakinger, Grove and Chillas, P.C.,* for additional defendant.

ECKMAN, *J.,* December 18, 1979—Presently before the court are the preliminary objections of

additional defendant, Township of Lancaster, to the complaint of defendant, Louis R. Schlegelmilch. The preliminary objections are in the nature of a motion to strike, motion for more specific pleading and a demurrer. We will first examine additional defendant's demurrer to defendant's allegations of negligence.

This court is guided by well-established principles when ruling upon the sufficiency of a demurrer. "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." Duffee v. Judson, 251 Pa. Superior Ct. 406, 409, 380 A. 2d 843, 844-45 (1977). Moreover, "[t]o sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." Schott v. Westinghouse Electric Corp., 436 Pa. 279, 291, 259 A. 2d 443, 449 (1969).

Defendant Schlegelmilch avers in his complaint that additional defendant Lancaster Township, a second class township, was negligent in failing to provide traffic control devices at the intersection of Penrose and Grandview Avenues, Bausman, Lancaster County, Pa. Defendant avers that the township's negligence was the cause of the automobile accident for which defendant has been sued. It is fundamental that in order to sustain an action based on negligence plaintiff must establish a duty owed by defendant, the breach of which has given rise to injuries suffered by plaintiff. Absent a pre-existing legal duty, there can be no liability for negligence: Boyce v. United States Steel Corporation, 446 Pa. 226, 285 A. 2d 459 (1971). See, Restatement, 2d, Torts, §284(b).

Our research of the pertinent Pennsylvania statutes establishes that Lancaster Township was under no affirmative duty to provide traffic control devices at the intersection in question. The decision to erect traffic control signals and devices at intersections within its jurisdiction is solely within the discretion of the township.

In The Second Class Township Code,[1] section 702 grants township supervisors the authority to order the erection and maintenance of traffic signals whenever deemed necessary for the protection of the traveling public. The discretionary nature of the decision to erect traffic signals is further corroborrated by reference to the Vehicle Code,[2] which provides in section 6122(a) that ". . . local authorities on any highway within their boundaries may erect official traffic-control devices. . . ." Section 6124 of the Vehicle Code further provides that ". . . local authorities on intersections of highways under their jurisdiction may erect and maintain stop signs, yield signs or other official traffic-control devices. . . ." See 75 Pa.C.S.A. §§6122, 6124. The language employed in these statutory provisions evinces a legislative intent to allow local authorities to exercise their discretion in regard to the erection of traffic control devices at intersections within their jurisdiction.

The legislature, cognizant that local authorities might not exercise the discretionary power afforded them in erecting traffic control devices, had the foresight to provide for this contingency. Section 3321 of the Vehicle Code, supra, governs the right

1. Act of May 1, 1933, P.L. 103, art. VII, sec. 702, cl. IX, as amended, 53 P.S. §65709.

2. Act of June 17, 1976, P.L. 162, sec. 1, effective July 31, 1977, 75 Pa.C.S.A. §101 et seq.

of way of motor vehicles at uncontrolled intersections: 75 Pa.C.S.A. §3321. Thus, a decision by local authorities not to erect traffic control devices by implication brings into effect section 3321 of the Vehicle Code which provides: "3321. Vehicle approaching or entering intersection (a) General Rule.—When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." A motorist's failure to comply with this right of way rule of section 3321 may give rise to personal liability for negligence, but we do not believe that it creates a cause of action against a municipality for failure to erect traffic control devices at that intersection.

Our research has disclosed a single Pennsylvania case that addresses the precise situation presented here. In Beacham v. Roberts, 27 Bucks 256, aff'd per curiam, 239 Pa. Superior Ct. 701, 356 A. 2d 819 (1976), a township, as additional defendant, was charged with negligence for failure to erect traffic control signals at an intersection within its jurisdiction. The court, stressing the absence of notice to the township of the alleged hazardous condition, granted the township's motion for summary judgment. After disposing of the controversy on this ground the court stated at p. 259: "[I]t is our opinion that no legal liability can be imposed upon a township under any circumstances in a case such as this. . . . [I]t is clear that under the applicable statutes the erection of traffic control signals and devices is solely within the discretion of the township. No liability may be imposed upon a municipality for failure to perform a discretionary act." We agree. This same result has been reached in other jurisdic-

tions. See, Dusek v. Pierce County, 42 Wis. 2d 498, 167 N.W. 2d 246 (1969).

Defendant relies principally upon the recent Pennsylvania Supreme Court case of Drew v. Laber, 477 Pa. 297, 383 A. 2d 941 (1978), in opposition to additional defendant's preliminary objections. In Drew, a pedestrian was injured when he was struck by an automobile while walking along the township's narrow two-lane highway. No precautionary measures of any kind were provided along the highway to protect pedestrians who were forced to walk on the roadway because there were no shoulders, sidewalks or berms. Liability was imposed upon the township for breaching its general duty "'. . . to construct and maintain its highways in such a manner as to protect travelers from dangers which, by the exercise of normal foresight, careful construction and reasonable inspection, can be anticipated and avoided.'" Drew, citing Mitchell v. Rochester Borough, 395 Pa. 373, 378, 150 A. 2d 338, 340 (1959). Liability was imposed in Mitchell because the borough, although on notice, failed to take precautionary measures of any kind to remedy an icy condition on a roadway.

The present case can be distinguished from the facts of Drew and Mitchell, supra. We believe that precautionary measures were in effect to govern the flow of traffic at the intersection in question by virtue of section 3321 of the Vehicle Code, supra. No precautionary measures of any kind were in effect in Drew or Mitchell. Defendant has not averred that the roadway where the accident occurred was defective either in physical construction or maintenance. The existence of a defect in the physical construction or maintenance of the roadway was the basis for imposing liability in both Drew

and Mitchell. At most, defendant Schlegelmilch's complaint accuses the Township of Lancaster of failing to exercise a discretionary legislative function. We do not believe that liability may be imposed for failure to perform a clearly discretionary act: Beacham v. Roberts, supra.

Defendant Schlegelmilch also avers that Lancaster Township was negligent in failing to require landowners in the vicinity of the intersection where the accident occurred to properly maintain the vegetation and clear obstructions to provide motorists with a clear view of the traffic approaching the intersection. Lancaster Township was under no affirmative duty to take such action in this regard. See The Second Class Township Code of May 1, 1933, P.L. 103, art. XI, sec. 1125, as amended, 53 P.S. §66125. The Vehicle Code, supra, places this affirmative duty on the owner of the real property situated at the intersection in section 6112 which provides: "It is the duty of the owner of real property to remove from the property any tree, plant, shrub or other similar obstruction, or part thereof, which by obstructing the view of any driver constitutes a traffic hazard." It is clear that the duty in this regard lies with the property owner and not with the township.

Having decided this matter on the demurrer, we do not find it necessary to discuss the additional defendant's other two motions.

Accordingly, we enter the following

### ORDER

And now, December 18, 1979, the demurrer filed by additional defendant, Township of Lancaster, against Louis R. Schlegelmilch's complaint is sustained and the complaint is dismissed.